**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Dewey Albert LEE, Defendant–Appellant.**

**No. 92–1022.**

United States Court of Appeals, Fifth Circuit.

April 12, 1993.

---

**4.** 42 U.S.C. §§ 2000d–2000d–7.

Edwin V. King, Jr., Dallas, TX (Court-appointed), for defendant-appellant.

Matthew D. Orwig, Leonard Senoroto, Delonia A. Watson, Asst. U.S. Attys., Richard H. Stephens, U.S. Atty., Dallas, TX, for plaintiff-appellee.

Before REAVLEY, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

Dewey Albert Lee pled guilty to two counts of bank robbery, in violation of 18 U.S.C. § 2113 (1988), and one count of possessing a firearm while being a felon, in violation of 18 U.S.C. § 922(g)(1) (1988). He appeals his sentence of 300 months imprisonment, contending that the district court erred in assessing a two-level increase to his base offense level due to his role in the bank robberies, and in departing upward from the guidelines. Finding no error, we affirm.

I

In May 1991, Lee entered the Team Bank in Plano, Texas. He gave a bank teller a note which read, "I have a gun. Please follow my verbal instructions and you won't get hurt, okay?" Lee advised the teller he wanted "one hundreds and fifties ... [or] larger bills." He left the bank with approximately $8,954.

A month later, Lee entered the United Savings Bank in Dallas, and ordered a bank teller to give him all her money. Lee left the bank with $4,172, and joined his co-defendant, James Carter, in the getaway car. After being spotted by a police helicopter, Lee and Carter led police on a high-speed chase on the expressway. During the chase, Lee fired a 9mm Beretta semi-automatic pistol at police and civilian vehicles. Lee shot four rounds at a tractor trailer rig, striking the left fuel tank and

the left front tire. He also hit the left front tire of another civilian vehicle, and the left front tire of a Department of Public Safety ("DPS") vehicle. Lee and Carter were apprehended after their car stalled.

Lee pled guilty to two counts of bank robbery, in violation of 18 U.S.C. § 2113(a), and possessing a firearm while being a felon, in violation of 18 U.S.C. § 922(g)(1). In calculating Lee's base offense level for sentencing purposes,[1] the probation officer made the following enhancements: (1) a two-level increase for Lee's role in the offenses, pursuant to U.S.S.G. § 3B1.1(c); (2) a three-level increase for assaulting a police officer in a manner creating a substantial risk of serious bodily harm while fleeing from an offense, pursuant to U.S.S.G. § 3A1.2(b); and (3) a two-level increase for recklessly creating a substantial risk of serious bodily harm to others while fleeing from an offense, pursuant to U.S.S.G. § 3C1.2. The probation officer's calculations produced a base offense level of 31, which together with a criminal history category of VI, yielded a sentence in the range of 188 to 235 months. The district court, citing Lee's reckless shooting at civilian vehicles while attempting to escape, departed upward from the guidelines by sentencing Lee to 300 months imprisonment.

On appeal, Lee contends that the district court erred in assessing a two-level increase to his base offense level due to his leadership role in the bank robberies, and in departing upward from the guidelines.

## II

### A

■ Lee first argues that the district court erred in assessing a two-level increase to his base offense level, due to its finding that Lee was an organizer or leader of the bank robberies.[2] *See* Brief for Lee at 17–18. We review the district court's factual finding for clear error. *United States v. Rodriguez*, 897 F.2d 1324, 1325 (5th Cir.), *cert. denied*, 498 U.S. 857, 111 S.Ct. 158, 112 L.Ed.2d 124 (1990).

An FBI investigation determined, through statements made by Carter,[3] and some of his friends, that Carter was influenced by Lee and followed Lee around. *See* Addendum to Presentence Report ("PSR") at 2. In addition, it was Lee, not Carter, who went into both banks by himself and carried out the principal steps of the robbery. *See* PSR at 1–2. Carter only drove the getaway car in the last robbery. *See id.* at 2. Based upon this evidence, we cannot conclude that the district court clearly erred in finding that Lee was the leader of the bank robberies. Therefore, the district court properly assessed a two-level increase.

### B

■ Lee also argues that the district court erred in departing upward from the guidelines. *See* Brief for Lee at 12–16. A departure from the guidelines will be affirmed if (1) the district court provided acceptable reasons for the departure, and (2) the extent of the departure was reasonable. *United States v. Velasquez–Mercado*, 872 F.2d 632, 635 (5th Cir.), *cert. denied*, 493 U.S. 866, 110 S.Ct. 187, 107 L.Ed.2d 142 (1989).

■ Lee contends that the district court's reason for departure—i.e., the reckless shooting at civilian vehicles—was unacceptable because it was already taken into account by the three-level increase he received pursuant to § 3A1.2(b), and the two-level increase he received pursuant to

---

1. *See* United States Sentencing Commission, *Guidelines Manual* (Nov. 1991).

2. *See* U.S.S.G. § 3B1.1(c) ("If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels.").

3. Because Carter's statements about Lee's role in the robberies had sufficient indicia of reliability (i.e., the corroborative statements of Carter's

friends), the district court did not clearly err in crediting such statements in sentencing Lee. *See United States v. Ramirez*, 963 F.2d 693, 708 (5th Cir.) (holding that a district court's decision to credit the testimony of a co-defendant for sentencing purposes was not clearly erroneous where testimony had sufficient indicia of reliability), *cert. denied*, — U.S. ——, 113 S.Ct. 388, 121 L.Ed.2d 296 (1992).

§ 3C1.2.[4] Lee's argument is without merit. The Sentencing Commission permits courts to depart from the guidelines where weapons are used in the commission of an offense, *see* U.S.S.G. § 5K2.6, because such an aggravating circumstance has not been given adequate consideration by the guidelines. *See* U.S.S.G. § 5K2.0, p.s. ("[T]his subpart seeks to aid the court by identifying some of the factors that the Commission has not been able to take into account fully in formulating the guidelines."). Moreover, in addition to leading police officers on a high-speed chase (which by itself created a substantial risk of serious injury), Lee attempted to cause auto accidents to block pursuit by shooting out tires and by trying to ignite the gas tank of a truck. *See* PSR at 3. These aggravating circumstances are of a degree substantially in excess of those factors considered by §§ 3A1.2(b)[5] and 3C1.2.[6] Thus, the district court did not rely upon circumstances already taken into consideration by the guidelines. Accordingly, the district court provided an acceptable reason for its upward departure.

■ Lee's challenge to the extent of the departure is equally unavailing. Under § 5K2.6, "[t]he extent of the increase ordinarily should depend on the dangerousness of the weapon, the manner in which it was used, and the extent to which its use endangered others." The record shows that Lee fired a 9mm Beretta semi-automatic pistol at civilian vehicles in an attempt to cause auto accidents which would stymie police pursuit. In doing so, Lee struck the left fuel tank (100–gallon capacity) of a truck, which had it exploded, would have caused numerous injuries. Based upon this aggravating circumstance, we cannot conclude that the district court's 65–month upward departure from the guideline maximum of 235 months was unreasonable.[7] *See* U.S.S.G. § 5K2.6 ("The discharge of a firearm might warrant a substantial sentence increase."); *see also Huddleston*, 929 F.2d at 1031 (affirming a departure sentence almost twice as long as the maximum recommended under the guidelines).

■ Citing *United States v. Brady*, 928 F.2d 844, 848 (9th Cir.1991), Lee maintains that the extent of departure was unreasonable because the district court did not state with particularity its reasons for the extent of departure. *See* Brief for Lee at 16–17. In assessing the extent of a departure for "aggravating circumstance[s] . . . not adequately taken into consideration" by the guidelines, *see* U.S.S.G. § 5K2.0, we only require that the departure be reasonable. *See Huddleston*, 929 F.2d at 1031. We "do[ ] not . . . require that the district court give reasons [specific or otherwise] for the extent of its departure." *Id.; see also United States v. Siciliano*, 953 F.2d 939, 943 (5th Cir.1992) (citing with approval *Huddleston* ). Therefore, Lee's argument is without merit.

Our recent decision in *United States v. Lambert*, 984 F.2d 658 (5th Cir.1993) (en banc), does not change this result. In *Lambert*, we reaffirmed our position that a district court—in imposing a sentence that

---

4. *See* U.S.S.G. § 5K2.0 ("[T]he sentencing court may impose a sentence outside the range established by the applicable guideline, if the court finds 'that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.'" (quoting 18 U.S.C. § 3553(b) (1988))).

5. U.S.S.G. § 3A1.2(b) provides:

[If] during the course of the offense or immediate flight therefrom, the defendant or a person for whose conduct the defendant is otherwise accountable, knowing or having reasonable cause to believe that a person was a law enforcement or corrections officer, assaulted such officer in a manner creating a substantial risk of serious bodily injury, increase by 3 levels.

6. U.S.S.G. § 3C1.2 provides:

If the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer, increase by 2 levels.

7. Lee does not dispute that his 300–month sentence was within the statutory limit of 55 years. *See* PSR at 8 (citing 18 U.S.C. §§ 922(g)(1), 2113(a)). Thus, we will not disturb the upward departure absent a gross abuse of discretion. *United States v. Huddleston*, 929 F.2d 1030, 1031 (5th Cir.1991).

reflects a much higher criminal history category, *see* U.S.S.G. § 4A1.3—"must evaluate each successive criminal history category above or below the guideline range for a defendant as it determines the proper extent of departure."[8] *Lambert,* 984 F.2d at 662. We did not address whether this same step-by-step analysis should apply to departures under § 5K2.0.[9] In light of our prior holdings in *Huddleston* and *Siciliano,* and because the express terms of § 5K2.0 are silent on whether courts should expressly consider intermediate guideline ranges,[10] we conclude that the extent of departure was reasonable.

### III

We conclude that the district court did not err in assessing a two-level increase to Lee's base offense level, or in departing upward from the guidelines. Accordingly, Lee's sentence is AFFIRMED.

---

**8.** In departing to a sentence of 300 months imprisonment, the district court effectively skipped the sentencing ranges corresponding to the next two base offense levels. *See* U.S.S.G. Sentencing Table.

**9.** Given the egregious conduct cited by the district court during sentencing, *see* Record on Appeal, vol. 2, at 15–16, it is more than arguable that the court gave sufficient reasons why it did not settle on an intermediate sentencing range when departing upward to a sentence of 300 months imprisonment.

**10.** In contrast, § 4A1.3 expressly "directs a district court to proceed in a methodical step-by-step manner in which it carefully considers each intermediate criminal history category en route to the sentence it ultimately settles upon." *Lambert,* 984 F.2d at 662.