IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-40974
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

EZEQUIEL GODINEZ-CERVANTES,
also known as "El Guero",

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-96-CR-284-1
- - - - - - - - - -
May 6, 1998

Before DUHE, DeMOSS and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ezequiel Godinez-Cervantes (Godinez) appeals his sentence
following a guilty plea conviction for aiding and abetting the
distribution of heroin and distribution of heroin.  Godinez
argues that the district court erred in its method of upward
departure.  Godinez did not make this challenge in the court
below; therefore, we review for plain error.  See United States
v. Maldonado, 42 F.3d 906, 909-12 (5th Cir. 1995); see also

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1995)(en banc)(citing United States v. Olano, 507 U.S. 725, 731-37 (1993)). Because the district court was not required to give reasons for the extent of its departure under § 5K2.0 and the court specified the reasons the interim criminal history categories were inadequate pursuant to § 4A1.3, Godinez has not demonstrated plain error. See United States v. Lee, 989 F.2d 180, 183 (5th Cir. 1993); see also United States v. Lambert, 984 F.2d 658, 663 (5th Cir. 1993)(en banc).

Godinez also argues that the district court, by taking into account his escape status when upwardly departing, erroneously relied on a factor adequately considered by the guidelines. Godinez also did not raise this argument in the district court; therefore, we review for plain error. Further, Godinez contends that the district court erred in considering unreliable hearsay testimony Drug Enforcement Agency (DEA) Agent James Spurr in upwardly departing. Because Godinez raised this contention in the district court, we review for clear error. See United States v. Edwards, 65 F.3d 430, 432 (5th Cir. 1995).

Inasmuch as the district court also considered separately adequate for its departure the underrepresentation of Godinez's criminal history score, based on his unscored prior convictions, which alone would have given him 21 criminal history points and a U.S. Sentencing Guideline imprisonment range of 324-405 months, the record reflects that the district court would have imposed

the same sentence absent its reliance on Agent Spurr's testimony

or Godinez's escape status; therefore, the district court did not

commit clear or plain error determining its upward departure.

See <u>Koon v. United States</u>, 116 S. Ct. 2035, 2053-54 (1996).

AFFIRMED.