United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 12, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 02-41741
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY CONNOR MOORE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-857-3
--------------------

Before SMITH, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Gregory Connor Moore appeals the 21-month sentence imposed after he pleaded guilty to possession with intent to distribute less than 50 kilograms of marijuana.

Moore contends that the district court clearly erred by declining to award a two-level reduction in Moore's offense level for acceptance of responsibility. The district court did not clearly err by determining that Moore did not fully accept

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

responsibility by truthfully admitting all conduct comprising the offense of conviction. See U.S.S.G. § 3E1.1; United States v. Flucas, 99 F.3d 177, 180 (5th Cir. 1996); United States v. Harlan, 35 F.3d 176, 181 (5th Cir. 1994).

Moore also contends that the district court clearly erred by increasing his offense level based on the finding in the Pre-Sentence Report (PSR) that Moore sped away from a Border Patrol checkpoint and led agents on a two-mile high-speed chase. See U.S.S.G. § 3C1.2 (prescribing increase where a defendant recklessly endangers other during flight). Absent rebuttal evidence to show that the information relied upon in the PSR was "materially untrue, inaccurate or unreliable," the district court was permitted to adopt the facts in the PSR without further inquiry. See United States v. Taylor, 277 F.3d 721, 724 (5th Cir. 2001). This court has observed that leading police on a high-speed chase in itself creates a substantial risk of harm to others. United States v. Lee, 989 F.2d 180, 183 (5th Cir. 1993). The district court did not commit clear error by increasing the offense level under U.S.S.G. § 3C1.2.

The judgment of the district court is AFFIRMED.