United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 25, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41411
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO ALBERTO BELTRAN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:02-CR-100-16
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Mario Alberto Beltran appeals the sentence that he received after he pleaded guilty to conspiracy to distribute or dispense or possess with intent to distribute or dispense "Ecstasy," more than 500 grams of a mixture or substance containing a detectable amount of cocaine, more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine, and "GHB."

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Beltran argues that the Government did not meet its burden of proving that the isomers in the methamphetamine that was tested was d-methamphetamine or l-methamphetamine.  Any distinction in the isomers is immaterial to Beltran's sentence. See Sentencing Guidelines, Amendment 518; United States v. Domino, 62 F.3d 716, 719-720 (5th Cir. 1995).  Further, Beltran fails to show that the district court erred when it attributed 292.12 grams of Methamphetamine (actual) to him.  See United States v. Medina, 161 F.3d 867, 876 (5th Cir. 1998); United States v. Lowder, 148 F.3d 548, 552 (5th Cir. 1998).  Beltran's argument that the district court's ruling on his motion for a downward departure was ambiguous is without merit inasmuch as Beltran does not argue that the departure was in violation of the law or unreasonable.  See United States v. Hashimoto, 193 F.3d 840, 843 (5th Cir. 1999); United States v. Lee, 989 F.2d 180, 183 (5th Cir. 1993).

AFFIRMED.