# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-50326

United States Court of Appeals
Fifth Circuit

**FILED**
June 10, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

JULIO ADRIAN TERRAZAS,

      Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:16-CR-459-2

Before WIENER, ENGELHARDT, and OLDHAM, Circuit Judges.

PER CURIAM:*

Julio Adrian Terrazas pleaded guilty, pursuant to a plea agreement, to one count of aiding and abetting possession with intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The district court imposed a within-guidelines range sentence of 78 months of imprisonment and five years of supervised release. Terrazas appeals his sentence, contending that the district court erred in its application

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50326

of the Sentencing Guidelines and by ordering the sentence to run consecutively to a previously imposed sentence.

## I.

In August 2016, a sheriff's deputy attempted to conduct a traffic stop on a U-Haul van for speeding. Once the deputy began to exit his vehicle, the van sped off which turned into a pursuit lasting several miles. In an apparent attempt to evade the officers, the van turned down a dirt road in a desert area and continued through an off road area before eventually turning into the pasture where the van was found. While clearing the van of suspects, deputies found 383.3 kilograms of marijuana. Two sets of tracks discovered leaving the van led deputies to the van's driver, Jesus Nunez, and to the passenger and instant defendant, Julio Adrian Terrazas. Terrazas and Nunez were indicted on a single count of possession with intent to distribute more than 100 kilograms of marijuana. Terrazas pleaded guilty pursuant to a plea agreement.

The PSR assessed a base offense level of 24. U.S.S.G. § 2D1.1(c)(8) (2018). It did not recommend any adjustment for Terrazas' role in the offense. However, the PSR assessed a two-level upward adjustment for obstruction of justice based on a finding that Terrazas had recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer.[1] U.S.S.G. § 3C1.2. Based upon a total offense level of 28 and a criminal history category of I, the guidelines imprisonment range was 78 to 97 months of imprisonment.

Terrazas objected to the failure of the PSR to award him an adjustment for his allegedly minor role in the offense. He also objected to the obstruction

---

[1] After Terrazas failed to appear for a sentencing hearing, a second two-level adjustment for obstruction of justice was added. U.S.S.G. § 3C1.1.

No. 19-50326

of justice adjustment for creating a substantial risk of death or injury while fleeing from law enforcement, arguing that Nunez had been driving the van, whereas he was merely a passenger.  Finally, Terrazas contended that his sentence in the instant case should run concurrently with the sentence imposed for a prior drug conspiracy conviction.  The PSR Addendum recommended that Terrazas' first two objections be overruled, and it referred the issue of a concurrent sentence to the district court.

At sentencing, the district court overruled Terrazas' objections to the lack of a minor role adjustment and to the obstruction of justice adjustment. The district court also overruled the objection regarding a concurrent sentence. The PSR and its calculations were adopted.  The district court imposed a within-guidelines range sentence of 78 months of imprisonment and five years of supervised release.  Terrazas filed a timely notice of appeal.

## II.

Generally, our court reviews criminal sentences for reasonableness.  *Gall v. United States*, 552 U.S. 38, 46 (2007).  We first determine whether the district court committed any "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range."  *Id.* at 51.  If the district court's decision is procedurally sound, we then consider the substantive reasonableness of the sentence under an abuse-of-discretion standard.  *See id.*

We review *de novo* the district court's interpretation and application of the Sentencing Guidelines and review its factual findings for clear error. *United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013).  "A factual finding is not clearly erroneous if it is plausible in light of the record as a whole," and we will find clear error "only if a review of the record results in a definite and firm conviction that a mistake has been committed."  *Id.*  (internal quotation marks and citations omitted).

No. 19-50326

## III.

*Adjustment for Obstruction of Justice*

First, Terrazas contends that the district court erred by applying a two-level adjustment for obstruction of justice pursuant to § 3C1.2. We review the district court's factual finding that Terrazas' conduct amounted to reckless endangerment during flight under § 3C1.2 for clear error. *See United States v. Luqman*, 130 F.3d 113, 115–16 (5th Cir. 1997). A two-level upward adjustment applies "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." § 3C1.2. Additionally, Application Note 5 to the guideline states that a defendant is accountable for his own conduct "and for conduct that the defendant aided or abetted, counseled, commanded, induced, procured, or willfully caused." § 3C1.2, comment. (n.5).

It is undisputed that Nunez's actions would qualify for the adjustment, as our court has held that "leading police officers on a high-speed chase . . . by itself create[s] a substantial risk of serious injury." *United States v. Lee*, 989 F.2d 180, 183 (5th Cir. 1993) (parentheses omitted). In assessing Terrazas' conduct, the district court relied on the facts detailed in the PSR, as well as the Government's and probation officer's arguments, and overruled Terrazas' objection as to obstruction of justice. Based on the record as a whole, we conclude that the district court did not err in so doing. Although Terrazas was not driving the car, on the facts included in the PSR, it is plausible that Terrazas aided or abetted Nunez's conduct. Several times during the pursuit, Nunez instructed Terrazas to exit the van, but Terrazas refused; instead, Terrazas chose to remain in the van and continue evading law enforcement with Nunez for the entirety of the several-mile-long pursuit. Moreover, in the factual basis for his plea, Terrazas admitted that he was "subsequently arrested while aiding and abetting the transportation of the marijuana after

4

attempting to escape into a pasture to avoid apprehension." Terrazas' actions during the flight, combined with his admission in the factual basis, make it plausible that Terrazas was not merely a passenger but rather was an active participant throughout the pursuit. Because a review of the record does not result in a "definite and firm conviction that a mistake has been committed," we conclude that the district court did not clearly err in applying a two-level upward adjustment for obstruction of justice. *See Zuniga*, 720 F.3d at 590.

*Adjustment for Minor Role*

Next, Terrazas contends that the district court erred by failing to make a downward adjustment for minor role pursuant to § 3B1.2 because he was a minor player in the offense compared to Nunez. Whether a defendant is a minor or minimal participant under § 3B1.2 is a factual question that we review for clear error. *United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016). Section 3B1.2(b) provides that if a defendant is a minor participant in the offense, his offense level should be decreased by two levels. § 3B1.2(b). A minor participant is one who is "less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." § 3B1.2, comment. (n.5). Accordingly, a minor role reduction "only applies when a defendant is 'substantially less culpable than the average participant.'" *United States v. Villanueva*, 408 F.3d 193, 204 (5th Cir. 2005) (quoting § 3B1.2, comment (n.3(A))). The defendant has the burden of demonstrating by a preponderance of the evidence that a minor role adjustment was warranted. *United States v. Castro*, 843 F.3d 608, 612 (5th Cir. 2016).

The decision to apply an adjustment under § 3B1.2 is "based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case." § 3B1.2, comment. (n.3(C)). Courts consider, inter alia, (1) "the degree to which the defendant understood

No. 19-50326

the scope and structure of the criminal activity"; (2) "the degree to which the defendant participated in planning or organizing the criminal activity"; (3) "the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority"; (4) "the nature and extent of the defendant's participation in the commission of the criminal activity"; and (5) "the degree to which the defendant stood to benefit from the criminal activity." § 3B1.2, comment. (n.3(C)(i)-(v)).

Here, although Terrazas may not have been involved in the inception of the plan to transport marijuana, he was aware of the plan prior to leaving El Paso, and he rented the van used in the offense. He also was present when the marijuana was loaded; he assisted in arranging the marijuana inside the van; and he accompanied Nunez on the trip to deliver the marijuana. Therefore, Terrazas does not appear to have been merely peripheral to the advancement of the operation. *See United States v. Silva-De Hoyos*, 702 F.3d 843, 847 (5th Cir. 2012). In addition, there were at least four participants in the instant offense: Nunez, Terrazas, and the two unknown men who merely loaded the marijuana into the van. Even if Terrazas is correct that he should be considered less culpable than Nunez, he has not shown that he is substantially less culpable than the average participant in the offense. *See Villanueva*, 408 F.3d at 204. Accordingly, the district court did not clearly err in finding that a minor role adjustment was not warranted. *See Gomez-Valle*, 828 F.3d at 327.

*Consecutive Sentence*

Finally, Terrazas contends that the district court erred by running the 78-month sentence imposed in the instant case consecutively with the 60-month sentence imposed for a prior drug conspiracy conviction. Generally, "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."

6

18 U.S.C. § 3584(a).  Section 5G1.3(b) governs the imposition of a sentence on a defendant who is subject to an undischarged term of imprisonment that "resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of [U.S.S.G. § 1B1.3(a)(1)–(3)]."  § 5G1.3(b). In such a case, the sentence "shall be imposed to run concurrently."  § 5G1.3(b).

Here, Terrazas appears to rely on U.S.S.G. § 1B1.3(a)(2) for his relevant conduct argument.  Subsection (a)(2) provides that, "with respect to offenses of a character for which § 3D1.2(d) would require grouping of multiple counts, [relevant conduct includes] all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction." § 1B1.3(a)(2).  The commentary provides that for two or more offenses to be considered part of a common scheme or plan, "they must be substantially connected to each other by at least one common factor, such as . . . common accomplices, common purpose, or similar modus operandi."  § 1B1.3, comment. (n.5(B)(i)).  Offenses also may qualify as part of the "same course of conduct" if they are sufficiently connected to warrant a conclusion "that they are part of a single episode, spree, or ongoing series of offenses."  § 1B1.3, comment. (n.5(B)(ii)).

Based on the information provided in the PSR, we conclude that the district court did not clearly err in finding that Terrazas' conduct in the prior case was not relevant conduct for purposes of the instant case.  In the prior case, Terrazas was held accountable for approximately 700 grams of cocaine and was described as a leader, or at least a high-ranking member, of the conspiracy.  By contrast, in the instant case, there is no indication that Terrazas was more than a paid courier for a single load of marijuana weighing less than 400 kilograms in which he had no ownership interest.  The facts support a conclusion that the two offenses were different and not part of a common scheme or plan or the same course of conduct.  Because the district

No. 19-50326

court's determination regarding relevant conduct is plausible in light of the record as a whole, neither this finding nor the finding that § 5G1.3(b) does not apply is clearly erroneous. Therefore, the district court did not err in its decision to run the sentences consecutively.

AFFIRMED.