# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 21, 2023

Lyle W. Cayce
Clerk

No. 22-20340
Summary Calendar

---

United States of America,

*Plaintiff—Appellee*,

*versus*

Troy Fabian Heflin,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CR-269-1

---

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Troy Fabian Heflin appeals the 41-month sentence imposed following his guilty plea conviction for unlawful possession of a firearm as a convicted felon. Heflin argues that the district court erred in applying a two-level reckless endangerment enhancement pursuant to U.S.S.G. § 3C1.2 because his reckless conduct was not the result of attempting to flee from the

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

consequences of the offense of conviction. He also argues that his conduct was not reckless.

Heflin preserved his challenge to the reckless endangerment enhancement in the district court; accordingly, we review the district court's interpretation of the Guidelines de novo and its factual findings for clear error. *See United States v. Deckert*, 993 F.3d 399, 401 (5th Cir. 2021). There is no clear error when the district court's findings are plausible in light of the entire record. *United States v. Torres-Magana*, 938 F.3d 213, 216 (5th Cir. 2019).

Citing *United States v. Southerland*, 405 F.3d 263, 268 (5th Cir. 2005), Heflin argues that the § 3C1.2 enhancement was not applicable because the evidence reveals that he fled from law enforcement officials because he knew he had warrants, not because of the offense of conviction. He further asserts that his conduct did not create a serious risk of bodily injury and that the record is ambiguous as to whether he knew the police were pulling him over. We have held that a substantial risk of serious injury is created when police officers are led on a high-speed chase. *United States v. Lee*, 989 F.2d 180, 183 (5th Cir. 1993). Nothing in the record suggests that Heflin was unaware that police were attempting to pull him over. *See United States v. Gould*, 529 F.3d 274, 276 (5th Cir. 2008). Further, since the chase took place while Heflin was illegally in possession of a firearm, a sufficient nexus exists between his flight and the offense of conviction. *See Southerland*, 405 F.3d at 268. The district court's conclusion that the § 3C1.2 enhancement was applicable given the facts of this case was not clear error. *See Torres-Magana,* 938 F.3d at 216. Accordingly, the judgment of the district court is AFFIRMED.