United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 28, 2003**

Charles R. Fulbruge III
Clerk

REVISED APRIL 8, 2003
IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 02-40490
_____

UNITED STATES OF AMERICA

Respondent - Appellee

v.

RICARDO CONDE JIMENEZ, JR.

Petitioner - Appellant

_____

Appeal from the United States District Court
for the Southern District of Texas
_____

Before KING, Chief Judge, DAVIS, Circuit Judge, and VANCE,
District Judge.[*]

KING, Chief Judge:

This appeal requires us to address the parameters of the
"Reckless Endangerment during Flight" guideline in the United
States Sentencing Guidelines. On the record before us, we affirm
the Defendant's conviction and sentence.

**I.     FACTS AND PROCEDURAL HISTORY**

At night on June 16, 2001, after pointing the barrel of a
firearm at Juan F. Garcia, who was seated in his vehicle parked in

_____

[*] District Judge of the Eastern District of Louisiana,
sitting by designation.

front of a convenience store, Defendant Ricardo Conde Jimenez, Jr. stole Garcia's vehicle. Responding to an advisory published by the Westlaco, Texas, police officers who investigated the theft, police officers from Edcouch, Texas, activated their emergency lights on a vehicle matching the description of that stolen by Jimenez. Jimenez reacted to the emergency lights by engaging the officers in a high speed chase. After traveling at a high rate of speed for approximately three quarters of a mile through both business and residential areas during the short pursuit, Jimenez exited the vehicle and thereafter fled from the officers on foot. Officers from the Elsa police department eventually observed Jimenez enter the back door of a local residence and arrested him.

At his rearraignment on November 19, 2001, Jimenez pled guilty to one count of carjacking in violation of 18 U.S.C. §§ 2119 and 2. In so doing, he acknowledged that the vehicle he had taken from Garcia, a 1991 Ford Thunderbird, "had been transported, shipped, or received in interstate commerce."

At the sentencing hearing, over Jimenez's objection, the district court enhanced Jimenez's offense level two points for reckless endangerment during flight under U.S.S.G. § 3C1.2. The district court thereafter sentenced Jimenez to an 132-month imprisonment term and a two-year term of supervised release, and assessed a $100 special assessment fee against him. On May 21, 2002, the district court entered its formal judgment of conviction and sentence. Jimenez timely filed a notice of appeal.

2

**II.     ANALYSIS OF THE JUDGMENT OF CONVICTION AND SENTENCE**

Jimenez appeals his judgment of conviction and sentence. Specifically, he urges that (1) his judgment of conviction must be vacated because the federal carjacking statute, 18 U.S.C. § 2119, is an unconstitutional extension of Congress's power to regulate interstate commerce under the Commerce Clause, and (2) his sentence must be vacated because the district court erred in applying a two-level enhancement for reckless endangerment during flight.

**A.     The Constitutionality of 18 U.S.C. § 2119**

Jimenez's first issue —— whether 18 U.S.C. § 2119 is an unconstitutional extension of Congress's power to regulate interstate commerce under the Commerce Clause —— is raised for the first time on appeal and is therefore reviewed under the plain error standard.  As he acknowledges, the issue has been directly addressed by two cases in our circuit, United States v. Coleman, 78 F.3d 154, 159 (5th Cir. 1996) ("In enacting § 2119, Congress could thus rationally believe that carjacking had a substantial effect on interstate commerce and that this national problem required action by the federal government."), and United States v. Harris, 25 F.3d 1275, 1280 (5th Cir. 1994) (upholding the constitutionality of the carjacking statute (18 U.S.C. § 2119) "[b]ecause of the obvious effect that carjackings have on interstate commerce"). Jimenez raises the issue to preserve it for further review.

Jimenez argues that the constitutionality of § 2119 should be reexamined in light of the Supreme Court's post-Coleman decisions in United States v. Morrison, 529 U.S. 598 (2000), and Jones v. United States, 529 U.S. 848 (2000). However, as neither case involved § 2119 and neither case involved a statute with a specific jurisdictional element akin to that in § 2119, i.e., that the car possessed "moved" or was "in or affecting" commerce, we find no plain error in the application of § 2119 to Jimenez.

**B.    The District Court's Application of U.S.S.G. § 3C1.2**

Jimenez next argues that the district court erred in enhancing his offense level two points pursuant to the "Reckless Endangerment during Flight" guideline, found at U.S.S.G. § 3C1.2. Specifically, he avers that when compared to the extremely reckless conduct manifest in other cases addressing this guideline, the application of the enhancement to his conduct is unwarranted.

This court reviews the district court's application of the sentencing guidelines de novo and reviews factual findings made by the district court in its application of the sentencing guidelines for clear error. United States v. Gillyard, 261 F.3d 506, 510 (5th Cir. 2001), cert. denied, 122 S. Ct. 841 (2002). "A factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole." United States v. Duncan, 191 F.3d 569, 575 (5th Cir. 1999) (quoting United States v. Dixon, 132 F.3d 192, 201 (5th Cir. 1997)).

4

Section 3C1.2 directs the sentencing court to "increase by 2 levels" "[i]f a defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." U.S. SENTENCING GUIDELINES MANUAL § 3C1.2 (2002). The application notes to this guideline further direct the court to the definition of "reckless" found in the "Involuntary Manslaughter" guideline. Id. § 3C1.2, cmt. 2. Under the "Involuntary Manslaughter" guideline, "reckless" is defined as referring to "a situation in which the defendant was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." Id. § 2A1.3, cmt. 1.

As stated, Jimenez contends that, when compared to the more serious fact circumstances upholding an enhancement for reckless endangerment during flight, "the facts surrounding Mr. Jimenez's short flight are insufficient to support application of the two-level enhancement for reckless endangerment during flight absent additional circumstances not present here."[1]  We do not agree.

_____

[1]  At the sentencing hearing, Jimenez stated that he thought he was traveling only about five miles over the speed limit. After considering the facts set forth in the Presentence Report ("PSR"), this contrary fact proffered by Jimenez, and the evidence proffered by the government in support of the PSR, the district court found the facts set forth in the PSR and the evidence proffered by the government more reliable and factually found that Jimenez recklessly endangered life during his flight. Thus, while in his briefing to this court, Jimenez states that he accepts the facts as set forth in the PSR, to the extent he

5

Jimenez correctly notes that our court has upheld enhancements under § 3C1.2 in cases involving reckless conduct of a nature and degree more extreme than that demonstrated by Jimenez's conduct. See, e.g., United States v. Gillyard, 261 F.3d 506, 510 (5th Cir. 2001) (upholding the district court's enhancement under § 3C1.2 where the defendant traveled through a one-lane construction zone to move around other vehicles, struck another vehicle, and drove onto the median, causing construction workers to jump to safety); United States v. Reyna, 130 F.3d 104, 112 (5th Cir. 1997) (affirming the defendant's sentence enhancement where he "initiated a high speed chase for several miles" and, in his attempt to flee, hit one of the patrol units); United States v. Luqman, 130 F.3d 113, 116 (5th Cir. 1997) (holding the two-level enhancement was warranted where the defendant aided and counseled the driver fleeing from the police to engage in the high speed chase that ultimately resulted in the defendant's car flipping onto the hood of the deputies' patrol car). However, we have not limited the application of the enhancement to situations resulting in actual harm or manifesting extremely dangerous conduct by a defendant.

objected to the facts set forth in the PSR, his objection was overruled by the district court. United States v. Smith, 13 F.3d 860, 867 (5th Cir. 1994) ("When a defendant objects to particular findings in the presentence report, the sentencing court must resolve the specifically disputed issues of fact if it intends to use those facts as a basis for its sentence."); see also United States v. Robins, 978 F.2d 881, 889 (5th Cir. 1992)("[A] presentence report generally bears sufficient indicia of reliability to be considered as evidence by the trial court in making the factual determinations required by the Guidelines.").

Indeed, although the defendant's conduct in <u>United States v. Lee</u>, 989 F.2d 180 (5th Cir. 1993), resulted in actual harm to civilian vehicles on the public expressway, we there expressed our opinion that "leading police officers on a high-speed chase . . . by itself created a substantial risk of serious injury," that warranted an adjustment for reckless endangerment during flight. <u>Id.</u> at 183.

To construe the guideline to require that the defendant's conduct result in actual harm or present particularly dangerous or egregious circumstances would necessitate us to disregard the clear language of the commentary to the guideline, which simply requires that the defendant be aware that his conduct creates a risk of such a nature and degree that to disregard that risk grossly deviates from the standard of care a reasonable person would exercise under similar circumstances. U.S. SENTENCING GUIDELINES MANUAL § 2A1.3, cmt. 1. As stated cogently by the Eighth Circuit, we do "not interpret § 3C1.2 to require that a high speed chase occur at night, in an urban area, or that any other vehicles actually ended up in harm's way." <u>United States v. Valdez</u>, 146 F.3d 547, 554 (8th Cir. 1998); <u>see also</u> <u>United States v. Reyes-Osequera</u>, 106 F.3d 1481, 1483-84 (9th Cir. 1997) (holding that the defendant's flight <u>on foot</u> across three lanes of traffic on a busy thoroughfare supported the district court's enhancement under § 3C1.2); <u>United States v. Gonzalez</u>, 71 F.3d 819, 837 (11th Cir. 1996) (finding the enhancement was warranted by the defendant's conduct – driving in reverse down a short residential street to U-turn around a police

7

car); <u>United States v. Chandler</u>, 12 F.3d 1427, 1433 (7th Cir. 1994) (traveling between 35 and 50 miles per hour through a residential area and swerving warranted the two-level enhancement); <u>United States v. Sykes</u>, 4 F.3d 697, 700 (8th Cir. 1993) (failing to pull over and thereby compelling police to force the defendant off the road constitutes reckless endangerment under the guideline).

Under the standard set forth in the guideline, the district court did not err in finding that Jimenez's conduct warranted the two-level reckless endangerment during flight enhancement. The "PSR" states that, at approximately 11:34 p.m., Jimenez "engaged the officers in a vehicle pursuit, traveling at a high rate of speed through business and residential areas," and that "[a]fter a short pursuit, the defendant brought the car to a stop, exited, and began running away." While the probation officer admits that the traffic at this time of night was "light," he further states in the PSR that the "high" rate of speed within the residential area "placed potential motorists and pedestrians at risk." The recklessness evident in traveling at high speeds through a dense residential area at night, when a driver's ability to see pedestrians is compromised, is simply not vitiated by the fact that traffic is lighter during this time of day, nor is it undercut by the mere fortuity that actual harm to persons or property did not result.

Finding the government's argument persuasive, the district court concluded that "[t]here was a high-level speed chase here

through a neighborhood at the time of the arrest here, which definitely put other people in danger here," such that a "plus 2" for reckless endangerment during flight is warranted. Jimenez's conduct was thus found to exhibit a reckless disregard for the safety of various persons who resided on the street, those who might otherwise be present on the street, and the police officers involved in the pursuit. We cannot say that these factual findings are clearly erroneous and therefore uphold the district court's application of a two-level enhancement under U.S.S.G. § 3C1.2.

## CONCLUSION

We AFFIRM Jimenez's conviction and sentence.