**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 18, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**No. 03-41073**
**Summary Calendar**

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**LEE ROY COLUNGA-AMBRIZ,**

**Defendant-Appellant.**

---

**Appeal from the United States District Court**
**for the Southern District of Texas**
**USDC No. M-03-CR-282-1**

---

Before JONES, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Lee Roy Colunga-Ambriz ("Colunga") appeals his conviction and sentence for carjacking, in violation of 18 U.S.C. § 2119. He argues that the district court erred in upwardly departing to the statutory maximum of 15 years' imprisonment because the departure effectively negated his three-level reduction for acceptance of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

responsibility. He also argues that 18 U.S.C. § 2119 is unconstitutional.

There was no error in the district court's determination that Colunga's criminal history category significantly under-represented the seriousness of his criminal history. Additionally, the district court properly found that Colunga's recent similar crimes indicated a high likelihood of recidivism and demonstrated that prior punishment had not been an effective deterrent. Thus, whether the standard of review is abuse of discretion or de novo, the district court did not err in departing upward. See U.S.S.G. §§ 4A1.3, p.s. and 5K2.0, p.s.

The district court's reasons for departure were acceptable. See United States v. Ashburn, 38 F.3d 803, 807 (5th Cir. 1994) (en banc). Furthermore, Colunga has demonstrated no error regarding the extent of the departure. Id.; see also United States v. Daughenbaugh, 49 F.3d 171, 174-75 (5th Cir. 1995).

Colunga acknowledges that his argument regarding the constitutionality of 18 U.S.C. § 2119 is foreclosed by circuit precedent. See United States v. Jimenez, 323 F.3d 320, 322 (5th Cir.), cert. denied, 124 S. Ct. 124 (2003). Nevertheless, he raises the issue to preserve it for possible Supreme Court review. Colunga's argument is indeed foreclosed by Jimenez. See United States v. Ruff, 984 F.2d 635, 640 (5th Cir. 1993). Accordingly, his conviction and sentence are **AFFIRMED**.