United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40541
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GABRIEL MARTINEZ-ESPARZA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:03-CR-968-1
--------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Gabriel Martinez-Esparza appeals his conviction and sentence

for carjacking, in violation of 18 U.S.C. § 2119.  Citing <u>Blakely</u>

<u>v. Washington</u>, 124 S. Ct. 2531 (2004), <u>Ring v. Arizona</u>, 536 U.S.

584 (2002), and <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000),

Martinez-Esparza contends that his sentence was imposed under the

United States Sentencing Guidelines in violation of his Sixth

Amendment right to a jury trial and his Fifth Amendment right to

a grand jury indictment.  Martinez-Esparza also argues that his

--------------------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment of conviction must be vacated because the federal carjacking statute, 18 U.S.C. § 2119, is an unconstitutional extension of Congress's power to regulate interstate commerce under the Commerce Clause.

As Martinez-Esparza acknowledges, his arguments are foreclosed by this court's decisions in United States v. Pineiro, 377 F.3d 464, 473 (5th Cir. 2004) (holding that Blakely has no effect on the United States Sentencing Guidelines), petition for cert. filed (U.S. July 14, 2004) (No. 04-5263), and United States v. Jimenez, 323 F.3d 320, 322 (5th Cir.) (upholding the constitutionality of 18 U.S.C. § 2119), cert. denied, 540 U.S. 847 (2003). Accordingly, Martinez-Esparza's conviction and sentence are AFFIRMED.