United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 30, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40541
Conference Calendar

_____

UNITED STATES OF AMERICA

                    Plaintiff - Appellee

    v.

GABRIEL MARTINEZ - ESPARZA

                    Defendant - Appellant

                    ---------------------
        Appeal from the United States District Court
            for the Southern District of Texas
                USDC No. 7:03-CR-968-1
                    ---------------------

## ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    This court affirmed the conviction and sentence of Gabriel

Martinez-Esparza.  United States v. Martinez-Esparza, 117 Fed.

Appx. 984, 984-85 (5th Cir. 2004) (unpublished).  The Supreme

Court has vacated and remanded for further consideration in light

of United States v. Booker, 125 S. Ct. 738 (2005).  We now

REINSTATE our earlier opinion and judgment affirming the district

court's final judgment.  However, we substitute the following

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

revised analysis for the portion of our opinion addressing Martinez-Esparza's challenge to his sentence based on <u>Blakely v. Washington</u>, 542 U.S. 296 (2004); <u>Ring v. Arizona</u>, 536 U.S. 584 (2002), and <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).

In his original brief, Martinez-Esparza argued that his sentence was unconstitutional because the district court sentenced him based on facts that were not charged in the indictment, admitted by him, or proven to a jury beyond a reasonable doubt. In a supplemental brief, Martinez-Esparza reiterates the arguments in light of <u>Booker</u>. He also argues that the district court erred by sentencing him under the mandatory Sentencing Guidelines scheme held unconstitutional in <u>Booker</u>.

As Martinez-Esparza raises his arguments for the first time on appeal, the district court's actions are reviewed for plain error only. See <u>United States v. Mares</u>, 402 F.3d 511, 520-21 (5th Cir. 2005), <u>petition for cert. filed</u> (U.S. Mar. 31, 2005) (No. 04-9517); <u>United States v. Martinez-Lugo</u>, 411 F.3d 597, 600 (5th Cir. 2005). Martinez-Esparza has satisfied the first two prongs of the plain error analysis by showing that the district court committed error that was plain. See <u>Mares</u>, 402 F.3d at 520-21; <u>Martinez-Lugo</u>, 411 F.3d at 600. As Martinez-Esparza acknowledges, however, he has not satisfied the third prong of the plain error analysis by showing that the error affected his substantial rights. See <u>Mares</u>, 402 F.3d at 521-22; <u>Martinez-Lugo</u>, 411 F.3d at 600-01; <u>United States v. Bringier</u>, 405

F.3d 310, 318 & n.4 (5th Cir. 2005), <u>petition for cert. filed</u> (July 26, 2005) (No. 05-5535).

Martinez-Esparza correctly acknowledges that this court has rejected the argument that a <u>Booker</u> error is a structural error or that such error is presumed to be prejudicial. <u>United States v. Malveaux</u>, 411 F.3d 558, 561 n.9 (5th Cir. 2005), <u>petition for cert. filed</u> (July 11, 2005) (No. 05-5297); <u>Martinez-Lugo</u>, 411 F.3d at 601. He likewise concedes that our precedent forecloses his contention that application of <u>Booker</u>'s remedial opinion to him violates the Ex Post Facto Clause. <u>See</u> <u>United States v. Scroggins</u>, 411 F.3d 572, 577 (5th Cir. 2005). He raises these arguments solely to preserve them for further review.

Nothing in the Supreme Court's <u>Booker</u> decision requires us to change our prior affirmance in this case.

PRIOR JUDGMENT REINSTATED.