United States Court of Appeals
Fifth Circuit

**F I L E D**

November 22, 2005

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41073
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEE ROY COLUNGA-AMBRIZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-03-CR-282-1
_____

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

In United States v. Colunga-Ambriz, No. 03-41073 (May 18, 2004), this court affirmed Lee Roy Colunga-Ambriz's conviction and sentence for carjacking in violation of 18 U.S.C. § 2119. Colunga-Ambriz then filed a petition for writ of certiorari, for the first time challenging his sentence under United States v. Booker, 125 S. Ct. 738 (2005). The Supreme Court vacated and remanded for further consideration in light of Booker. See Colunga-Ambriz v. United States, 125 S. Ct. 1368 (2005). We requested and received

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supplemental letter briefs addressing the impact of <u>Booker</u>.

Because Colunga-Ambriz raised a <u>Booker</u>-like challenge to his sentence for the first time in his petition for writ of certiorari,[1] he must demonstrate "extraordinary circumstances" for us to consider his <u>Booker</u> challenge. <u>United States v. Taylor</u>, 409 F.3d 675, 676 (5th Cir. 2005). Because Colunga-Ambriz concedes that he cannot meet even the plain error standard, "it is obvious that the much more demanding standard for extraordinary circumstances, warranting review of an issue raised for the first time in a petition for certiorari, cannot be satisfied." <u>See</u> <u>id.</u> at 677.

Colunga-Ambriz identifies no evidence in the record suggesting that the district court "would have reached a significantly different result" under an advisory scheme rather than a mandatory one. <u>United States v. Mares</u>, 402 F.3d 511, 521 (5th Cir. 2005), <u>cert. denied</u>, 126 S. Ct. 43 (2005). He correctly acknowledges that this court has rejected the argument that a <u>Booker</u> error is a structural error or that such error is presumed to be prejudicial. <u>See</u> <u>Mares</u>, 402 F.3d at 520-22; <u>United States v. Malveaux</u>, 411 F.3d 558, 561 n.9 (5th Cir. 2005), <u>cert. denied</u>, 124 S. Ct. 194 (2005). He desires to preserve these arguments for

---

[1] Colunga-Ambriz does not contend that his challenge before this court——that the district court erred by upwardly departing——is sufficient to preserve <u>Booker</u> error. Additionally, he admits that he did not make a "<u>Blakely</u>- or <u>Booker</u>-type" objection in the district court.

further review.

Because nothing in the Supreme Court's <u>Booker</u> decision requires us to change our prior decision in this case, we adhere to our prior determination and therefore reinstate our judgment AFFIRMING Colunga-Ambriz's conviction and sentence.

**AFFIRMED.**