**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 06-5262

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DWAYNE E. SMITH,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   Robert E. Payne, District Judge.   (3:06-cr-00198-REP)

---

Submitted:  July 31, 2007          Decided:  August 13, 2007

---

Before MICHAEL, MOTZ, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Darryl A. Parker, Richmond, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, Stephen W. Miller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dwayne E. Smith pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000), and was sentenced to a term of 115 months imprisonment. Smith appeals his sentence, contending that the district court clearly erred in making a two-level adjustment for reckless endangerment during flight, U.S. Sentencing Guidelines Manual § 3C1.2 (2005). We affirm.

Smith was stopped by Richmond, Virginia, Police Officer Taylor Sensabaugh for speeding and improper lane change. After he learned that Smith's license was suspended and that warrants were outstanding for "Dwayne Smith" and "D. Smith," Sensabaugh asked Smith to get out of his car. Smith complied, but rolled up the windows and locked the car. Sensabaugh handcuffed him as part of an investigative detention. By this time, two backup officers had arrived. Sensabaugh told Smith he was going to search the car. Smith immediately moved toward Sensabaugh and head butted him in the face. The officers subdued Smith, and Sensabaugh then searched Smith's car and found a loaded .40 caliber semiautomatic pistol on the floor on the driver's side.

At sentencing, the district court determined over Smith's objection that an adjustment for reckless endangerment applied because of Smith's head butt to Officer Sensabaugh. The adjustment applies "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course

of fleeing from a law enforcement officer . . . ."  The term "reckless" is defined as conduct "in which the defendant was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation."  USSG §§ 3C1.2, comment. (n.2), 2A1.4, comment. (n.1).  The term "during flight" encompasses "preparation for flight" and includes conduct that "occurs in the course of resisting arrest."  USSG § 3C1.2, comment. (n.3).  The court found that a head butt to the face delivered by a man who was six feet three inches tall and weighed 210 pounds created a substantial risk of serious injury to the victim's nose or eyes, or of extreme pain.  The court also found that Smith was resisting arrest and likely preparing to flee when he head butted Sensabaugh.

On appeal, Smith contends that application of the enhancement was clearly erroneous because he made no attempt to flee and because Sensabaugh was not seriously injured.  He further contends that, because he was handcuffed, he was incapable of inflicting any serious injury or creating a substantial risk of death.  The plain language of the guideline and case law mandate application of the enhancement when the defendant is resisting arrest and his conduct creates a substantial <u>risk</u> of serious bodily injury, even though no injury results.  <u>See, e.g.</u>, <u>United States v. Jimenez</u>, 323 F.3d 320, 323-24 (5th Cir. 2003); <u>United States v.</u>

<u>Thomas</u>, 294 F.3d 899, 906-07 (7th Cir. 2002); <u>United States v. Williams</u>, 254 F.3d 44, 47-48 (2d Cir. 2001). There is no doubt that Smith's head butt created a substantial risk of serious bodily injury to Sensabaugh. Moreover, § 3C1.2 has been applied when the defendant's conduct occurred while he was resisting arrest, even though there was little hope of escape or indication that the defendant was preparing to flee. <u>See</u> <u>United States v. Campbell</u>, 42 F.3d 1199, 1205-06 (9th Cir. 1994) (during twelve-hour standoff, defendant said he would not be taken and would kill anyone who tried to arrest him). Accordingly, we conclude that the district court's determination that the enhancement applied was not clearly erroneous.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>