**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 08-4020**

———————————

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

MICHAEL VERNELL WILLIAMS,

          Defendant - Appellant.

———————————

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, District Judge. (3:05-cr-00198-1)

———————————

Submitted: May 7, 2008                 Decided: May 19, 2008

———————————

Before TRAXLER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

W. Michael Frazier, FRAZIER & OXLEY, L.C., Huntington, West Virginia, for Appellant. Charles T. Miller, United States Attorney, J. Christopher Krivonyak, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Vernell Williams pled guilty to possession of five grams or more of cocaine base (crack) with intent to distribute, 21 U.S.C. § 841(a)(1) (2000) (Count One), and carrying a firearm during and in relation to a drug trafficking crime, 18 U.S.C.A. § 924(c) (West 1999 & Supp. 2007) (Count Two). He received a sentence of eighty-four months imprisonment. Williams appeals his sentence,[*] arguing that the district court clearly erred in giving him an adjustment for reckless endangerment during flight, U.S. Sentencing Guidelines Manual (USSG) § 3C1.2 (2006). He also contends that the adjustment resulted in impermissble double counting because it was imposed in conjunction with his sentence for the § 924(c) offense. We agree that § 3C1.2 applied and affirm the sentence.

On November 4, 2003, two police officers in Huntington, West Virginia, stopped the vehicle Williams was driving because it matched the description of a vehicle they were looking for in connection with a murder. Williams got out of the car as requested, but when the officers attempted to pat him down for weapons, he resisted. A struggle followed, during which the officers found a pistol in Williams' waistband. Williams was

_____

[*]In his plea agreement, Williams waived his right to appeal the reasonableness of his sentence as long as it was within the guideline range established at sentencing, but reserved the right to appeal the calculation of the guideline range.

- 2 -

subdued and placed on the ground.  He was carrying 11.01 grams of crack and $1003 in cash.

In calculating Williams' offense level for the drug count, the probation officer did not include a two-level enhancement for possession of a weapon during the drug offense because of Williams' § 924(c) conviction.  See USSG § 2K2.4, comment. (n.4).  However, the probation officer recommended a two-level adjustment under USSG § 3C1.2 for recklessly creating a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer.  This enhancement was based on Williams' brief struggle with the officers while he was armed with the pistol.  Williams contested the § 3C1.2 adjustment, arguing that he had simply failed to be cooperative.  He also argued that, because he had been convicted of possession of a gun during a drug trafficking crime, the § 3C1.2 adjustment amounted to double counting.  At the sentencing hearing in November 2007, the district court overruled Williams' objection to the § 3C1.2 adjustment.  Williams did not raise the double counting claim he had set out in his written objections, and the district court did not address it.

On appeal, Williams first argues that the § 3C1.2 adjustment was not warranted by the facts.  The district court's determination of the facts is reviewed for clear error; its decision that an adjustment applies is reviewed de novo.  United

States v. Quinn, 359 F.3d 666, 679 (4th Cir. 2004).  Guideline section 3C1.2 provides: "If the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer, increase by 2 levels."  The term "during flight" encompasses "preparation for flight" and includes conduct that "occurs in the course of resisting arrest."  USSG § 3C1.2, comment. (n.3).

Williams contends that the district court applied the adjustment merely because he was carrying a firearm.  Although Williams was not technically resisting arrest when he struggled with the officers, he was anticipating the arrest that he knew would occur if he were found to be carrying a gun together with eleven grams of crack and $1003 in cash.

Both the plain language of the guideline and case law mandate application of the adjustment when the defendant is resisting arrest and his conduct creates a substantial risk of serious bodily injury, even though no injury results.  See, e.g., United States v. Jimenez, 323 F.3d 320, 323-24 (5th Cir. 2003); United States v. Thomas, 294 F.3d 899, 906-07 (7th Cir. 2002); United States v. Williams, 254 F.3d 44, 47-48 (2d Cir. 2001).  A struggle in which all the parties are armed carries an obvious risk that the struggle might escalate to the point that a firearm is used, or discharges accidentally.  We conclude that the district

court did not clearly err in finding that Williams' conduct created such a risk.

Next, Williams contends that, because the § 3C1.2 adjustment was imposed with his sentence for the § 924(c) offense, it constituted impermissible double counting. Because Williams failed to raise the issue at the sentencing hearing, the plain error standard of review applies. United States v. Olano, 507 U.S. 725, 732-37 (1993).

Double-counting is permitted under the guidelines "[u]nless a guideline provision expressly prohibits consideration of a factor previously used in applying another guideline section." United States v. Blake, 81 F.3d 498, 505 (4th Cir. 1996). Application Note 1 to § 3C1.2 states that the adjustment should not be applied "where the offense guideline in Chapter Two, or another adjustment in Chapter Three, results in an equivalent or greater increase in offense level solely on the basis of the same conduct." This commentary does not preclude application of the adjustment Williams received, which was based on conduct separate from Williams' possession of the gun--his resistance and struggle with the armed policemen while armed himself. We are satisfied that no error occurred

Accordingly, we affirm the sentence imposed by the district court. We dispense with oral argument because the facts

and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED