# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 10, 2008

Charles R. Fulbruge III
Clerk

No. 08-10430
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

OSCAR LUIS DELGADO

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-135-2

Before DAVIS, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

Oscar Luis Delgado appeals the 168-month sentence imposed following his jury conviction for possession with intent to distribute more than 50 grams of a mixture and substance containing a detectable amount of methamphetamine. He contends that the district court erred when it enhanced his sentence pursuant to U.S.S.G. § 3C1.2 because the Government failed to present any evidence that he recklessly created a substantial risk of serious bodily injury or death to an identifiable person during the course of his flight from law

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

enforcement officers. Specifically, Delgado argues that the vehicular chase alone, absent some aggravating factor, was insufficient to support the reckless endangerment enhancement. The Government has filed a motion for summary affirmance or, alternatively, for an extension of time in which to file a brief on the merits.

The district court's factual finding that Delgado recklessly created a substantial risk of death or serious bodily injury to others during his flight from law enforcement officers is plausible in light of the record as a whole. The applicability of § 3C1.2 is not limited "to situations resulting in actual harm or manifesting extremely dangerous conduct by a defendant." United States v. Jimenez, 323 F.3d 320, 323 (5th Cir. 2003). Further, § 3C1.2 does not require that other vehicles actually ended up in harm's way. Id. at 324. By leading officers on an eight-mile high speed chase at night along Interstate 35 through downtown Fort Worth, Texas, Delgado recklessly disregarded the safety of persons who might have been present along the chase route, as well as the officers involved in the chase. See id. Therefore, Delgado has not shown clear error. See id.

Accordingly, the district court's judgment is AFFIRMED, the Government's motion for summary affirmance is GRANTED, and the Government's motion for an extension of time is DENIED.