**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-5072**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

KALEIBA SHONNTA BOULER,

            Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:07-cr-00010-FDW-3)

Submitted:  October 1, 2009        Decided:  November 13, 2009

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

M. Timothy Porterfield, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kaleiba Shonnta Bouler appeals her 152-month sentence following her guilty plea to conspiracy to possess cocaine and cocaine base with the intent to distribute, in violation of 21 U.S.C.A. § 841 (West 1999 & West Supp. 2009) and 21 U.S.C. § 846 (2006). Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that after a review of the record, there are no meritorious issues for appeal, but questioning whether Bouler received effective assistance of trial counsel. Bouler filed a pro se supplemental brief and moves this court for appointment of new appellate counsel. Finding no error, we affirm.

Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Instead, ineffective assistance claims are appropriately brought pursuant to 28 U.S.C.A. § 2255 (West Supp. 2009) to allow for adequate development of the factual record. See King, 119 F.3d at 295. A defendant may raise an ineffective counsel claim on direct appeal only if the record conclusively demonstrates that defense counsel did not provide effective representation. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). We have reviewed the record and find that it does not conclusively demonstrate ineffective assistance. Accordingly, we decline to

2

address on direct appeal whether Bouler's trial counsel provided assistance that satisfied constitutional requirements.

In her pro se supplemental brief, Bouler first contends that the search warrant used to obtain evidence against her violated the Fourth Amendment and that there were numerous discrepancies in the Government's case against her. Bouler has waived these issues regarding her conviction by pleading guilty. Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) ("A knowing, voluntary, and intelligent guilty plea to an offense conclusively establishes the elements of the offense and the material facts necessary to support the conviction.").

Bouler next argues that her sentence was unreasonable because the presentence investigation report (PSR) incorrectly added two points to her offense level for reckless endangerment during flight, pursuant to U.S. Sentencing Guidelines Manual § 3C1.2 (2006). The district court expressed concern that Bouler demonstrated "reckless indifference to human life" by "recklessly driving down the highway and causing highway accidents that cause people to have injury and have property injury." The district court's determination of the facts is reviewed for clear error; its decision that an adjustment applies is reviewed de novo. United States v. Quinn, 359 F.3d 666, 679 (4th Cir. 2004).

3

The Guidelines provide for a two-level enhancement to the offense level if "the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." USSG § 3C1.2. The Sentencing Guidelines define reckless as "a situation in which the defendant was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." USSG § 2A1.5, comment. (n.1). Both the plain language of the guideline and case law mandate application of the adjustment when the defendant is resisting arrest and her conduct creates a substantial risk of serious bodily injury, even if no injury results. See, e.g., United States v. Jimenez, 323 F.3d 320, 323-24 (5th Cir. 2003); United States v. Williams, 254 F.3d 44, 47 (2d Cir. 2001). A defendant fleeing from police by car, striking two vehicles en route, creates an obvious risk that a traffic accident may occur and cause serious bodily injury. The district court did not clearly err in finding that Bouler's conduct created such a risk. See Jimenez, 323 F.3d at 324 (upholding the application of the enhancement where the defendant led police in a high-speed chase but did not cause any personal or property damage).

4

Bouler additionally asks this court to remand her case for resentencing to eliminate the crack-cocaine sentencing disparity. Any sentence modification resulting from retroactive amendments to the sentencing guidelines must be made by the district court pursuant to 18 U.S.C. § 3582(c)(2) (2006), rather than by this court on direct appeal.

Bouler also challenges the amount of powder cocaine attributed to her in the presentence report. She contends, as she did at the sentencing hearing, that a portion of the collected substance was actually dirt. For the first time, however, she argues that the 116 grams of dirt was found separate from the cocaine powder, and thus was not used to dilute the purity of the drug. In addition, Bouler challenges the PSR's contention that the Government found four kilograms of powder cocaine in her apartment, arguing the photos and other evidence only proved the existence of three kilograms. Even accepting both arguments, however, Bouler's offense level would have remained the same. Thus, the resolution of these issues has no bearing on Bouler's offense level and Guidelines range. See United States v. Stokes, 261 F.3d 496, 499 (4th Cir. 2001) (explaining the standard for harmless error review).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Bouler's conviction and sentence and deny

5

her motion for appointment of new counsel.  This court requires that counsel inform Bouler, in writing, of the right to petition the Supreme Court of the United States for further review.  If Bouler requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bouler.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED