NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 1, 2013
Decided October 2, 2013

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-1030

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> *v.* <br><br> TRENT FORTE, <br> *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 12 CR 84-3 <br><br> Robert M. Dow, Jr., <br> *Judge*. |

## O R D E R

Trent Forte negotiated by telephone to buy a half kilogram of cocaine from Miguel Villafuerte. The two met in a parking lot at night; Forte paid, then drove to another lot and picked up the cocaine from one of Villafuerte's associates. Forte did not know it, but the DEA was investigating Villafuerte and had monitored their phone conversations. Agents tried to stop Forte's car after he left the second parking lot, but he

fled at high speed. The agents gave chase as Forte weaved through traffic and ducked into alleys. They eventually lost sight of the car, which later was found abandoned in the back yard of a residence. Forte remained a fugitive until he surrendered almost a year later.

He was charged with one count of possessing cocaine with intent to distribute. *See* 21 U.S.C. § 841(a)(1). He pleaded guilty pursuant to a plea agreement, and the district court sentenced him to 67 months' imprisonment, a term within the guidelines range of 57 to 71 months. Forte filed a notice of appeal, but his appointed lawyer asserts that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Forte has not accepted our invitation to respond to counsel's motion. *See* CIR. R. 51(b). We limit our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973 (7th Cir. 2002).

Counsel informs us that Forte does not want to challenge his guilty plea, and thus counsel appropriately omits discussion about the plea colloquy and the voluntariness of Fortes's plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 672 (7th Cir. 2002).

Counsel first discusses whether Forte could challenge the two-level upward adjustment that applies when a defendant recklessly endangers others while fleeing from a law enforcement officer. *See* U.S.S.G. § 3C1.2. In a sentencing memorandum Forte argued that the adjustment should not apply because, in his view, driving at high speed is not necessarily reckless behavior which creates a substantial risk of death or serious bodily harm. He also objected to the probation officer's assertion that he ran a red light.

The district judge did not rely on the statement about the red light. Instead, the judge emphasized that Forte's weaving through traffic at high speed and driving through yards at night created a substantial risk of death or serious bodily harm to people along his path. It would be frivolous for Forte to argue that these facts did not justify the application of the adjustment. *See United States v. White*, 443 F.3d 582, 592 (7th Cir. 2006); *United States v. Chandler*, 12 F.3d 1427, 1433–34 (7th Cir. 1994); *United States v. Jiminez*, 323 F.3d 320, 322–24 (5th Cir. 2003).

Counsel next questions whether Forte could argue that his prison sentence is unreasonable but concludes that this potential challenge also would be frivolous. We agree. A sentence within a properly calculated guidelines range is presumed to be reasonable. *Rita v. United States*, 551 U.S. 338, 350–51 (2007); *United States v. Vizcarra*, 668 F.3d 516, 527 (7th Cir. 2012). The district judge decided on a sentence of 67 months after evaluating the factors in 18 U.S.C. § 3553(a), including the serious nature

of the offense, Forte's personal history, and the need to promote respect for the law. Counsel has not identified any reason to set aside the presumption of reasonableness, and neither have we.

The motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.