# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-11040
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 11, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OSCAR TREVINO-RUVALCABA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-477-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Oscar Trevino-Ruvalcaba appeals the 144-month below-guidelines sentence imposed after he pleaded guilty to possession with intent to distribute 500 grams or more of methamphetamine. He asserts that his sentence is procedurally and substantively unreasonable. After *United States v. Booker*, 543 U.S. 220 (2005), we review sentences for reasonableness. *Gall v. United States*, 552 U.S. 38, 46 (2007). We first examine whether the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

committed any significant procedural error, including "failing to calculate (or improperly calculating) the Guidelines range." *Gall*, 552 U.S. at 51. If the district court's decision is procedurally sound, this court will then consider the substantive reasonableness of the sentence under an abuse-of-discretion standard. *Id.*; *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009).

As he did in the district court, Trevino-Ruvalcaba asserts that he was entitled to a sentencing reduction under U.S.S.G. § 3B1.2 based on the fact that he was a minor or minimal participant in the methamphetamine network. We review the district court's denial of the reduction for clear error. *United States v. Alaniz*, 726 F.3d 586, 626 (5th Cir. 2013). The record reflects that Trevino-Ruvalcaba was responsible for delivering a shipment of methamphetamine, and his sentence was based only on the drug quantity found in his vehicle. *See United States v. Perez-Solis*, 709 F.3d 453, 471 (5th Cir. 2013) (stating that a defendant's participation in the offense should be determined based on the conduct for which he was held accountable rather than the criminal enterprise as a whole). Because Trevino-Ruvalcaba's role was not minor or minimal with regard to his discrete offense, he has not established that the district court's finding was clearly erroneous. *See Alaniz*, 726 F.3d at 626.

Trevino-Ruvalcaba also contends that the district court erred in imposing a two-level enhancement under U.S.S.G. § 2D1.1(b)(5) based on a determination that the methamphetamine was imported. The Government must present sufficient facts to support this enhancement by a preponderance of the evidence. *United States v. Serfass*, 684 F.3d 548, 553 (5th Cir. 2012). Although Trevino-Ruvalcaba denied telling government agents that he had been told that the methamphetamine came from Mexico, the district court's

No. 14-11040

factual finding was plausible in light of the record as a whole. *See United States v. Andaverde-Tinoco*, 741 F.3d 509, 525 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 1912 (2014); *United States v. Jimenez*, 323 F.3d 320, 322-23 (5th Cir. 2003).

In addition, Trevino-Ruvalcaba asserts that his sentence is substantively unreasonable because the mandatory minimum sentence of 120 months in prison would satisfy the goals of 18 U.S.C. § 3553(a). Because he did not object to his sentence on this ground, we review his claims for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Even if we reviewed for an abuse of discretion, however, Trevino-Ruvalcaba's arguments are unavailing. *See Gall*, 552 U.S. at 51. His general disagreement with the propriety of his sentence and the district court's weighing of the § 3553(a) factors does not establish that the district court failed to account for a significant factor, gave significant weight to an improper factor, or clearly erred in weighing sentencing factors. *See United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015).

The judgment of the district court is thus AFFIRMED.