IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-41223
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JECARLOS MONTRE CARTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:97-CR-27-1

_____

May 27, 1998

Before KING, HIGGINBOTHAM, DAVIS, Circuit Judges.

PER CURIAM:[*]

Jecarlos Montre Carter appeals his sentence after pleading guilty to possession of cocaine hydrochloride with intent to distribute. He contends that the district court erred in imposing a two-level enhancement under U.S.S.G. §3C1.2 for reckless endangerment during flight.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Section 3C1.2 provides for a two-level enhancement "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." The sentencing guidelines define "reckless" as a "a situation in which the defendant was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." U.S.S.G. §2A1.4, cmt. (n.1); see U.S.S.G. §3C1.2. cmt. (n.2).

In this case, at the sentencing hearing, Denton County deputy sheriff Chris Plank testified that he chased Carter on foot across two northbound and two southbound lanes of I-35 on a holiday weekend with heavy traffic that was moving at the posted speed limit of 70 mph. He stated that he then chased Carter back across all four lanes of the interstate when Carter backtracked in a diagonal direction. In addition, Plank testified that the foot chase across the interstate put him in danger of getting hit by passing vehicles and exposed the motorists to danger as well. The district court also viewed a video tape of the stop and noted that the traffic was traveling at least 70 mph and several cars appeared to have changed lanes during the incident.

Carter suggests that the two-level enhancement for reckless endangerment during flight applies only to high-speed car chases and barricaded standoffs. He maintains his conduct amounted to

2

instinctive flight, which is insufficient to sustain the two-level enhancement.

While courts typically apply the two-level enhancement under section 3C1.2 to high-speed vehicle pursuits, we are persuaded that section 3C1.2 also applies to situations when a defendant creates a substantial risk of death or serious bodily injury to another person in the course of a chase on foot across an interstate highway.  See U.S. v. Reyes-Osequera, 106 F.3d 1481, 1483-84 (9th Cir. 1997) (upholding two-level enhancement under §3C1.2 based on district court's finding that defendant's conduct in running across three lanes of traffic on busy thoroughfare at night created substantial risk to motorists); U.S. v. Blake, 28 F.3d 1216, 1994 WL 318950, *2, (7th Cir. June 28, 1994) (No. 93-3421) (unpublished).

Based on this record, we conclude that the district court was not clearly erroneous in imposing a two-level enhancement under U.S.S.G. §3C1.2 for reckless endangerment during flight since its finding was plausible in light of the record as a whole.  U.S. v. Brown, 7 F.3d 1155, 1159 (5th Cir. 1993) (citations omitted).

AFFIRMED.

3