IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 21, 2008

Charles R. Fulbruge III
Clerk

No. 06-11058

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CARLOS RASHAD GOULD

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas

Before DAVIS and SOUTHWICK, Circuit Judges, and CLARK, District Judge.[*]
SOUTHWICK, Circuit Judge:

Carlos Rashad Gould pled guilty to conspiracy to possess with intent to distribute 50 grams or more of crack cocaine and to possession of a firearm in furtherance of the drug offense. On appeal, he challenges his sentence. We agree with his argument, and therefore vacate and remand for resentencing.

I. FACTUAL AND PROCEDURAL BACKGROUND

On May 9, 2005, members of the Wichita Falls Police Department Organized Crime Unit and SWAT team executed a search warrant for drugs at a home in Wichita Falls, Texas. When the agents entered the front door, Gould – who was present in the home but not a resident – ran through the back door

[*]District Judge of the Eastern District of Texas, sitting by designation.

and fled on foot. An officer outside the home saw Gould running, pointed his weapon at Gould and yelled for Gould to stop. Gould ran past that officer. Others on the team joined in the chase and soon captured Gould. The officers searched Gould and found cocaine base and marihuana. In addition, bags of cocaine, cocaine base, marihuana, firearms, and ammunition were found inside the house. Gould's Social Security card, three firearms, ammunition and cocaine base were found in a car parked in the driveway.

Gould subsequently pled guilty to two counts of a seven-count indictment – one count of conspiracy to possess with intent to distribute a controlled substance and one count of possession of a firearm in furtherance of drug trafficking. See 18 U.S.C. § 924(c)(1)(A) & 21 U.S.C. § 846. Based on the amount of drugs attributable to Gould, his base offense level was 32. The Presentence Report recommended a two-level enhancement under the Sentencing Guidelines for "Reckless Endangerment During Flight." U.S.S.G. § 3C1.2. The report justified the enhancement based upon Gould's flight from officers who had drawn their weapons and were instructing him to stop, thereby creating a substantial risk of death or serious bodily injury to others. A two-level reduction was also recommended for acceptance of responsibility. U.S.S.G. § 3E1.1.

Based on these factors, and a criminal history category of IV, Gould's advisory sentencing range was 168 to 210 months on the conspiracy count. The possession of a firearm count carried a mandatory consecutive minimum sentence of 60 months. Over Gould's objection, the court adopted the Presentence Report's recommendations and sentenced Gould to 270 months (210 months on the conspiracy count and 60 months on the firearm count).

On appeal, Gould raises three challenges to his sentence. First, he argues that there is insufficient evidence to justify the "Reckless Endangerment" enhancement. His second and third arguments are that his sentence is unreasonable and that the sentencing judge failed adequately to justify his sentence. Because we vacate the sentence based on an insufficient factual basis

to justify the "Reckless Endangerment" enhancement, we do not address Gould's remaining claims related to the reasonableness of his sentence. After a new sentence is imposed, it will need to be justified.

## II. DISCUSSION

When evaluating a challenge to a sentence enhancement, we review the district court's factual findings for clear error and its application and interpretation of the Guidelines de novo. United States v. Medina-Argueta, 454 F.3d 479, 481 (5th Cir. 2006). The determination that a defendant's conduct constituted reckless endangerment under U.S.S.G. § 3C1.2 is reviewed for clear error, and will be upheld if the finding is plausible in light of the record as a whole. United States v. Lugman, 130 F.3d 113, 115-16 (5th Cir. 1997).

The "Reckless Endangerment" enhancement is justified if a "defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer . . . ." U.S.S.G. § 3C1.2. Gould argues that merely fleeing on foot in the presence of police officers is not sufficient to warrant the enhancement.

The Government responds that the facts surrounding Gould's arrest support the adjustment because Gould's flight created a more dangerous situation than usually occurs when a suspect evades arrest. For example, both the Wichita Police Department and a SWAT team were involved in execution of the search warrant at a known crack-house – making the situation more chaotic and potentially dangerous when Gould fled. In addition, Gould's continued flight after officers pulled their weapons and ordered him to stop caused the officers to pursue him with their weapons drawn, increasing the risk of death or serious injury to the officers or others in the area.

The "Reckless Endangerment" enhancement is applicable if the defendant: (1) recklessly; (2) created a substantial risk of death or serious bodily injury; (3) to another person; (4) in the course of fleeing from a law enforcement officer; and (5) that the flight was related to the offense the defendant is convicted of

violating.  United States v. Southerland, 405 F.3d 263, 268 (5th Cir. 2005).  It is undisputed that Gould was fleeing from the officers serving the warrant and that Gould was ultimately convicted of crimes related to the flight.  The question presented here is whether the Government presented sufficient evidence that Gould recklessly created a substantial risk of harm to others.  A person acts in a reckless manner when he is "aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation."  U.S.S.G. § 2A1.4, Application Note 1; U.S.S.G. § 3C1.2, Application Note 2.

The facts relied on by the district judge to support the enhancement are contained in the Presentence Report.  The Report states: "At the time of [Gould's] arrest, he attempted to evade arrest by running from officers, which had ordered him to stop and had their weapons drawn.  The defendant was apprehended after a foot chase ensued with officers."  No additional evidence was presented at Gould's sentencing hearing to support the enhancement.  For example, the record is unclear on how far Gould ran, although the Government stipulated that it was a "short" chase.  There is also no description of the area where the chase occurred – although the area was described as a "grass field."

We reject the Government's argument that Gould's fleeing despite the fact that armed officers were instructing him to stop justifies an inference that Gould was acting recklessly.  There was no evidence presented that Gould heard the officers order him to stop or that he reacted in a threatening way or made any threatening actions toward the officers as he ran.  Cf. United States v. Rice, 184 F.3d 740, 742 (8th Cir. 1999) (defendant acted recklessly by pointing a loaded weapon at officers executing a search warrant after officers announced they were police and that they had a search warrant).  In fact, there is no evidence that Gould did anything other than run from the house after the officers entered.

We have previously cited with approval United States v. Reyes-Oseguera, 106 F.3d 1481 (9th Cir. 1997), in which the Ninth Circuit held that mere flight – even if it results in armed pursuit – does not justify the enhancement:

> instinctive flight alone will not support the enhancement, nor will the armed agent's pursuit. Most flight will draw pursuit, and most law enforcement officers are armed. To hold that a defendant recklessly endangers another solely because he is pursued by an armed agent is the functional equivalent of finding instinctive flight sufficient. We are also wary of attributing an awareness of the actions of law enforcement officials to suspects who are in the midst of instinctive – and therefore not reasoned or contemplative – flight.

Id. at 1484. See United States v. Jimenez, 323 F.3d 320, 324 (5th Cir. 2003).

In Reyes-Oseguera, the district court applied the "Reckless Endangerment" enhancement both to Reyes-Oseguera and to his co-defendant. There was evidence that after being pulled over by the police, Reyes-Oseguera fled beside the roadway while his co-defendant fled across several lanes of moderate to heavy traffic. Id. at 1483. The Ninth Circuit reversed application of the enhancement to Reyes-Oseguera, holding that the action of mere instinctive flight along the side of the roadway did not justify the enhancement. The court upheld the enhancement as to the co-defendant that fled into traffic, finding that the co-defendant's actions indicated a more reasoned flight and created a substantial risk of harm to motorists on the roadway. Id. at 1483-84.

The record is too sparse for us to determine whether Gould was reckless. Gould fled for an undefined but admittedly short distance from the officers executing the search warrant. He may have run into a field. We cannot say, considering the record as a whole, that Gould acted recklessly and in a manner that created a substantial risk of injury. The kind of detail missing here can be contrasted with a case in which we sustained use of the enhancement when there was evidence that the fleeing defendant led pursuing officers across four lanes of a busy interstate highway. United States v. Carter, 146 F.3d 867, *1 (5th Cir. 1997) (unpublished).

It is necessary to vacate Gould's sentence. Additional relevant evidence of the flight is admissible on resentencing if the Government has any to offer. See United States v. Kendall, 475 F.3d 961, 964 (8th Cir. 2007) (district court may on remand consider any evidence that could have been offered at the first sentencing hearing). We express no opinion as to whether the enhancement will ultimately be appropriate.

We VACATE Gould's sentence and REMAND for resentencing in accordance with this opinion.