# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 26, 2012

Lyle W. Cayce
Clerk

No. 11-20715
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE LUIS NINO, JR., also known as Puny,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-360-1

Before SMITH, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Luis Nino, Jr., appeals the sentence imposed following his guilty plea conviction of conspiring to transport undocumented aliens within the United States for private financial gain. He argues that the district court erred clearly erred by determining that he intentionally or recklessly creating a substantial risk of death or serious bodily injury to another and by increasing his offense level pursuant to U.S.S.G. § 2L1.1(b)(6). He also argues that the district court clearly erred by finding that he intentionally or recklessly creating a substantial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

risk of death or serious bodily injury to another while in the course of fleeing from law enforcement and by increasing his offense level pursuant to U.S.S.G. § 3C1.2

The Guidelines provide that: "If the offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person, increase by 2 levels, but if the resulting offense level is less than level 18, increase to level 18." § 2L1.1(b)(6).[1] The district court's interpretation of § 2L1.1(b)(6) is reviewed de novo and its factual findings are reviewed for clear error. *See United States v. Solis-Garcia*, 420 F.3d 511, 514 (5th Cir. 2005).

The district court found that Nino carried nine aliens in the bed of his pickup truck. The aliens were covered by a large, unsecured sheet of heavy plywood. The district court found that the unsecured plywood cover did not afford the aliens any protection in the event of an accident or vehicle rollover. The district court also found that the heavy plywood prevented proper ventilation and a quick escape from the vehicle. On this record, the district court did not err in determining that Nino's conduct created a substantial risk of death or serious bodily injury. *See United States v. Cuyler*, 298 F.3d 387, 391 (5th Cir. 2002); *United States v. Angeles-Mendoza*, 407 F.3d 742, 751 (5th Cir. 2005).

Whether a defendant is deserving of a § 3C1.2 enhancement is a factual finding reviewed for clear error. *United States v. Gould*, 529 F.3d 274, 276 (5th Cir. 2008). A factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole. *Id*. (citation omitted).

The applicability of § 3C1.2 is not limited "to situations resulting in actual harm or manifesting extremely dangerous conduct by a defendant." *United States v. Jimenez*, 323 F.3d 320, 324 (5th Cir. 2003). Furthermore, § 3C1.2 does not require that other vehicles or pedestrians actually ended up in harm's way.

---

[1] Prior to November 1, 2006, § 2L1.1(b)(6) was designated as § 2L1.1(b)(5). *See* U.S.S.G. App. C, amendment 692.

*Id.* "[L]eading police officers on a high-speed chase . . . by itself create[s] a substantial risk of serious injury, that warrant[s] an adjustment for reckless endangerment during flight." *Id.* (internal quotation marks and citation omitted). The commentary to § 3C1.2 provides that "'[d]uring flight' is to be construed broadly and includes preparation for flight." § 3C1.2, comment. (n.3).

Nino maintains that the traffic stop took a total of 37 seconds from the time the deputy activated her lights until the time he stopped his truck. Accordingly, he argues that he did not flee from police. He further contends that he voluntarily stopped the truck and made no attempt to flee the vehicle.

The district court found that Nino initially eluded arrest by deputies in Calhoun County, Texas. He then led police on a 20-30 minute chase before a deputy from the Matagorda County Sheriff's Office (MCSO) attempted to stop his vehicle. During that time, Nino was traveling on the highway at a high rate of speed. Several minutes after the MCSO deputy began following Nino, he diverted into a residential subdivision. Rather than immediately stopping once the MCSO deputy activated her lights, Nino continued to drive through the neighborhood, making two turns in rapid succession at a high rate of speed and running a stop sign. Nino stopped next to an orange and white traffic barrier at the far end of a dead end street. The incident took place on a Saturday morning.

Given the foregoing, the district court's finding that Nino recklessly created a substantial risk of death or serious bodily injury while fleeing from a law enforcement officer is plausible in light of the record as a whole. *Jimenez*, 323 F.3d at 324. Accordingly, the district court did not clearly err by applying the § 3C1.2 adjustment. *Id.*

AFFIRMED.