# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 19, 2013

Lyle W. Cayce
Clerk

No. 12-50268
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MIGUEL ANGEL GONZALEZ, also known as Miguel Gonzalez, also known as Miguel Gonzales, also known as Flat Top Gonzalez, also known as Maguel Martinez Vallegas, also known as Muguel Martinez Vallegas, also known as Money Mike, also known as Flat Top,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:11-CR-673-1

Before BARKSDALE, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Miguel Angel Gonzalez appeals his sentence of 96 months' imprisonment, imposed pursuant to his pleading guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 924(a) and 922(g). In calculating Gonzalez' advisory Guidelines sentencing range of 92 to 115 months' imprisonment, the district court included a two-level enhancement for reckless endangerment,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pursuant to Guideline § 3C1.2.  That enhancement was based on Gonzalez' resisting arrest by struggling with several officers while concealing a loaded firearm in his waistband.

Gonzalez contends:  the court erred in applying this enhancement because his conduct did not recklessly create a substantial risk of death or serious bodily injury; and resisting arrest is not sufficient for imposition of the enhancement. Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly-preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding the sentence to impose.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).  Gonzalez claims only procedural error.

A district court's imposition *vel non* of the Guideline § 3C1.2 "reckless endangerment" enhancement is a factual finding reviewed, as discussed above, for clear error; accordingly, the finding must be upheld if plausible in the light of the record as a whole.  *United States v. Gould*, 529 F.3d 274, 276 (5th Cir. 2008).  In this action, however, we need not determine whether the court erred in applying the enhancement.

At Gonzalez' sentencing hearing, the court considered the advisory Guidelines range without the enhancement (*i.e.*, the range if it had granted Gonzalez' objection to the enhancement), and explicitly stated it would have imposed the same sentence if it had not applied the enhancement.  Therefore, assuming *arguendo* the court erred in applying the Guideline § 3C1.2 enhancement, Gonzalez' sentence did not result from the error; as a result, any

such error is not reversible. *E.g.*, *United States v. Bonilla*, 524 F.3d 647, 656 (5th Cir. 2008); *United States v. Duhon*, 541 F.3d 391, 396 (5th Cir. 2008).

AFFIRMED.