# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10447
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 26, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WENCESLAO ALEXANDRO MORIN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-5

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Wenceslao Morin appeals the sentence imposed following his guilty plea conviction to one count of possession with the intent to distribute methamphetamine. He argues that the district court clearly erred in assessing a two-level upward adjustment to his offense level pursuant to U.S.S.G. § 3C1.2 (reckless endangerment) for his involvement in a car chase that occurred approximately one year prior to committing the subject offense. For

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the reasons that follow, the district court erred in making the upward assessment.

According to his presentence report (PSR), on February 27, 2013, Morin was a passenger in a truck that led Fort Worth police officers on a high speed chase that ended at Morin's residence. A search of the truck revealed 1.1 grams of methamphetamine, which was found on the front passenger-side floorboard and seat where Morin had been sitting. Officers also found $1,811 in cash on Morin and arrested him for possession of a controlled substance. On February 28, 2013, Morin was charged with possession of a controlled substance in Texas state court, but "the case was no-billed by a grand jury."

Approximately one year after the car chase, in March 2014, a confidential informant arranged to purchase methamphetamine from a supplier. The supplier led the informant to Morin's residence where the supplier obtained two "baggies" of methamphetamine. The supplier was arrested in April 2014, and he told investigators that he had been buying methamphetamine from Morin on a weekly basis for the previous six to nine months.

Morin was arrested on December 11, 2014 and charged with a single count of possession with an intent to distribute methamphetamine. His bill of information states that "[o]n March 5, 2014 . . . Morin did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine." Morin pleaded guilty to the offense.

The PSR found that Morin recklessly created a substantial risk of death or serious bodily injury during the course of the February 27, 2013 car chase. Based on this finding, the probation officer recommended a two-level upward

No. 15-10447

adjustment in Morin's offense level pursuant to § 3C1.2 for reckless endangerment during flight.

Morin objected to the enhancement contending, *inter alia*, that the car chase, which occurred on February 27, 2013, did not have temporal proximity with the subject offense. The probation officer rejected Morin's objection, arguing that there was ample evidence that Morin was selling methamphetamine as early as February 27, 2013. At the sentencing hearing, the district court overruled Morin's objection. While the district court did not specifically address Morin's temporal argument, it did adopt the probation officer's recitation of facts and conclusions set forth in the PSR and addendum.

This court reviews "the district court's legal interpretation of the Sentencing Guidelines de novo and factual findings for clear error." *United States v. Brooks*, 681 F.3d 678, 712 (5th Cir. 2012). A district court's determinations of what constitutes reckless endangerment for the purposes of § 3C1.2 and what constitutes relevant conduct for purposes of § 1B1.3 are reviewed for clear error and will be upheld if they are plausible in light of the record as a whole. *See United States v. Gould*, 529 F.3d 274, 276 (5th Cir. 2008); *United States v. Wall*, 180 F.3d 641, 644 (5th Cir. 1999).

The assessment of a two-level § 3C1.2 upward adjustment is governed by this court's holding in *United States v. Southerland*, 405 F.3d 263, 268 (5th Cir. 2005). In that case, the court vacated a sentence imposed by the district court that included a two-level § 3C1.2 upward adjustment for reckless endangerment. *Id.* at 270. The defendant had been charged with bank robbery and access device fraud. *Id.* at 263. He had led police on a high speed chase (the alleged reckless endangerment) approximately two months after the bank robbery and one month after the access device fraud. *Id.* at 269-70. The car

that the defendant drove during the chase had been stolen and a passenger in the car was in the possession of controlled substances. *Id.* at 269.

In analyzing whether the district court erred in assessing a two-level upward adjustment to the defendant's sentence pursuant to § 3C1.2, this court held that the alleged reckless endangerment must occur "'during the commission *of the offense of conviction*, in preparation for *that* offense, or in the course of attempting to avoid detection or responsibility for *that* offense.'" *Id.* at 268 (quoting § 1B1.3). Because the defendant's flight (or reckless endangerment) occurred weeks after the offenses of conviction, the court held that it could not have occurred during the commission of or in preparation of the offenses. *Id.* In analyzing whether the defendant fled to avoid detection or responsibility for the offenses of conviction, the court looked to evidence of the defendant's state of mind. *Id.* The court concluded that, as there was no evidence in the car linking the defendant to the bank robbery or access device fraud, the defendant fled police because of the auto theft and drug possession. *Id.* at 269. As a result, there was not a sufficient connection between the car chase and the offenses of conviction, and the court held that the district court erred in assessing a two-level upward adjustment pursuant to § 3C1.2. *Id.* at 268-70.

The court's holding in *Southerland* requires Morin's sentence to be vacated and this case to be remanded for resentencing. According to his bill of information, Morin's "offense of conviction" is a single count of possession with the intent to distribute a controlled substance that occurred on March 5, 2014. *See Southerland*, 405 F.3d at 269 (by using "offense of conviction," as opposed to "'all offenses' or any number of broader descriptions of relevant conduct," Commission "expressly modified the particular conviction to which an adjustment might apply").

No. 15-10447

In accordance with the court's holding in *Southerland*, in order for the district court to have properly assessed Morin with a two-level sentencing enhancement pursuant to § 3C1.2, it must have found that the car chase involving Morin occurred during the commission of, in preparation for or in the course of attempting to avoid detection or responsibility for his possession of methamphetamine on March 5, 2014. *Southerland*, 405 F.3d at 268. Morin could not have been involved in the car chase during his commission of or to avoid detection or responsibility for an offense that occurred approximately one year later. Indeed, the bill of information does not charge Morin with a conspiracy or any other kind of ongoing offense that would reach back to Morin's criminal activity in February 2013. For this reason too, Morin could not have been preparing for his March 2014 possession of methamphetamine—his "offense of conviction"—when he fled from the police in February 2013. Moreover, there is no evidence in the record to suggest that Morin's "state of mind" during the car chase was in any way related to his future March 2014 possession of methamphetamine. *Southerland*, 405 F.3d at 268-69.

The Government argues that a defendant is accountable for acts that were "part of the same course of conduct for which he was convicted or were part of a common scheme or plan as the offense of conviction." The Government argues that the car chase and the subject offense were part of a common scheme or plan in this case because Morin was "involved in a drug-distribution conspiracy" from at least the time of the car chase until he committed the offense of conviction. While this may be true, Morin was not charged with a conspiracy—nor with any other offense occurring in or around February 2013 for that matter—and the standard for making a § 3C1.2 upward adjustment is not whether the reckless endangerment was part of a common scheme or plan under § 1B1.3(a)(2). Rather, the standard, as articulated by this court in

5

*Southerland*, "requires the connection of the [§ 3C1.2] enhancement . . . to the specific offense of conviction." *Southerland*, 405 F.3d at 268.

The Government further argues that, because the methamphetamine and cash seized by the Fort Worth police after the February 2013 car chase were counted as "relevant conduct" in calculating Morin's offense level, the car chase itself must also be counted as relevant conduct. However, neither the district court nor the PSR made any specific findings that the methamphetamine and cash seized in February 2013 were relevant conduct. Moreover, it may have been plausible for the district court to conclude that Morin's February 2013 possession was part of the same "course of conduct or common scheme" as his March 2014 offense of conviction under the "relevant conduct" standard articulated in § 1B1.3(a)(2). However, it was not plausible for it to conclude that the car chase occurred during the commission, preparation or attempting to avoid detection of his March 2014 offense of conviction under the "relevant conduct" standard articulated in § 1B1.3(a)(1), and the relevant conduct standard articulated in § 1B1.3(a)(1) is the correct standard to adjudge the assessment of a § 3C1.2 upward adjustment for reckless endangerment. *See Southerland*, 405 F.3d at 268.

The district court committed clear error in making a § 3C1.2 two-level upward adjustment to Morin's sentence. The Government having not argued that any error was harmless, *see United States v. Delgado-Martinez*, 564 F.3d 750, 753 (5th Cir. 2009), Morin's sentence is hereby vacated and this case is remanded to the district court for resentencing.

VACATED AND REMANDED FOR RESENTENCING