# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 22, 2019

Lyle W. Cayce
Clerk

No. 19-10023
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TYRONE JEMANE JOHNSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-72-1

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Tyrone Jemane Johnson appeals his guilty plea conviction, 100-month prison sentence, and three-year term of supervised release for possession of a firearm by a felon. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2). We affirm.

Johnson correctly concedes that precedent forecloses three of his arguments. We have rejected his argument that § 922(g) does not apply to a firearm that was in interstate commerce in the distant past. *See United States*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10023

*v. Fitzhugh*, 984 F.2d 143, 146 (5th Cir. 1993).  We have also rejected the view that § 922(g) exceeds Congress's power under the Commerce Clause.  *See United States v. Alcantar*, 733 F.3d 143, 145 (5th Cir. 2013).  And precedent also forecloses Johnson's argument that a Texas conviction for aggravated assault is not a crime of violence under the Sentencing Guidelines' definition of that term.  *See United States v. Shepherd*, 848 F.3d 425, 427-28 (5th Cir. 2017).

We also reject Johnson's challenge to the enhancement of his sentence based on reckless endangerment because the district court's findings on that issue are not clearly erroneous.  *See* U.S.S.G. § 3C1.2; *see also United States v. Gomez-Valle*, 828 F.3d 324, 327 (2016); *United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006).  Johnson fled the police and then physically resisted officers once they captured him.  By his resistance and struggling, Johnson created substantial risk of serious bodily injury to another person that a reasonable person would not create.  *See United States v. Gould*, 529 F.3d 274, 276 (5th Cir. 2008); *see also* U.S.S.G. § 2A1.4, comment. (n.1); § 3C1.2, comment. (n.2).

Reviewing for plain error, we reject the challenge to the factual basis for the conviction as lacking proof that Johnson knew, at the time of the crime of conviction, that he was a convicted felon.  *See Puckett v. United States*, 556 U.S. 129, 135-36 (2009); *see also Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019).  Although Johnson is correct that the factual resume and plea colloquy standing alone do not establish that he knew, when he committed his present offense, that he was a convicted felon, the record as a whole establishes that he had such knowledge.  *See United States v. Ortiz*, 927 F.3d 868, 872-73 (5th Cir. 2019).  The presentence report stated that Johnson had served four years in prison on two felony convictions before committing the crime of conviction.

No. 19-10023

The presentence report also noted that when Johnson committed the federal offense, he was on pretrial release on a state charge of unlawful possession of a firearm by a felon.  And Johnson made no effort to dispute the district court's implicit determination at sentencing, based on reasonable inferences from the sentencing hearing evidence and the rest of the record, that he feared police discovery of a firearm at the time of his arrest for the crime of conviction because he knew that he was a convicted felon.  *See Caldwell*, 448 F.3d at 290.  Therefore, the question whether Johnson knew of his status as a convicted felon is at least subject to reasonable debate.  *See Puckett*, 556 U.S. at 135; *Ortiz*, 927 F.3d at 872-73; *Ellis*, 564 F.3d at 377-78.  We thus conclude that Johnson has failed to show plain error.  *See Puckett*, 556 U.S. at 135; *Ellis*, 564 F.3d at 377-78.

Nor do we see any merit in Johnson's claim that the indictment was fatally defective because it did not contain an essential element of the § 922(g) offense, namely, that Johnson knew of his status as a convicted felon.  Johnson waived this claim by pleading guilty.  *See Class v. United States*, 138 S. Ct. 798, 804-05 (2018); *United States v. Daughenbaugh,* 549 F.3d 1010, 1012 (5th Cir. 2008); *see also United States v. Cotton*, 535 U.S. 625 (2002) (holding that the failure of an indictment to allege an element of the offense is not a jurisdictional defect).

AFFIRMED.