# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-20334
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 9, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SEAN JOSEPH RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CR-137-1

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Sean Joseph Rodriguez appeals his sentence for carjacking and using, brandishing, and discharging a firearm during and in relation to a crime of violence. He challenges the district court's application of a two-level upward adjustment for reckless endangerment under U.S.S.G. § 3C1.2, contending that there was an insufficient nexus between his carjacking offense and his flight from police three to four days later.

When error is preserved, as here, we review the district court's application of the Guidelines de novo and its fact findings for clear error.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20334

*United States v. Trujillo*, 502 F.3d 353, 356 (5th Cir. 2007).  We review a district court's determinations of what constitutes reckless endangerment for the purposes of § 3C1.2 and what constitutes relevant conduct for purposes of U.S.S.G. § 1B1.3(a) for clear error.  *See United States v. Gould*, 529 F.3d 274, 276 (5th Cir. 2008); *United States v. Wall*, 180 F.3d 641, 644 (5th Cir. 1999). Thus, we will uphold the district court's application of the adjustment if it is plausible in light of the record as a whole.  *See Gould*, 529 F.3d at 276.

We have explained that, in accordance with the relevant conduct guideline provision at § 1B1.3(a), the alleged reckless endangerment for purposes of § 3C1.2 must occur "'during the commission *of the offense of conviction*, in preparation for *that* offense, or in the course of attempting to avoid detection or responsibility for *that* offense.'"  *United States v. Southerland*, 405 F.3d 263, 268 (5th Cir. 2005) (quoting § 1B1.3(a)(1) (emphasis added)).  In considering whether the defendant fled to avoid detection or responsibility for the offenses of conviction, we "look primarily to any evidence of the defendant's state of mind while fleeing." *Id.*  We may also consider the geographic and temporal proximity of the flight to the offense of conviction.  *Id.* at 269.

Here, Rodriguez fled from police in the vehicle he stole during the carjacking, and there was no evidence establishing any other reason for his flight.  The district court's conclusion that Rodriguez recklessly fled from police in order to avoid detection or responsibility for his carjacking offense was plausible in light of the record as a whole.  *See Gould*, 529 F.3d at 276; *Wall*, 180 F.3d at 644.

AFFIRMED.