# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-41035
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 15, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JORGE LUIS GARCIA,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:18-CR-1832-1

Before BARKSDALE, HAYNES, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Jorge Luis Garcia pleaded guilty to possession, with intent to distribute, approximately 115 kilograms of marihuana, in violation of 21 U.S.C. § 841(a)(1), and was sentenced to, *inter alia*, 42 months' imprisonment, six months to run consecutively to the sentence imposed in another drug case. He contends the district court erred by applying Sentencing Guideline § 3C1.2's enhancement, applicable where "defendant recklessly created a substantial

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 19-41035

risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer". U.S.S.G. § 3C1.2. Garcia contends, primarily, that the "substantial risk" element was lacking.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The decision to apply Guideline § 3C1.2 is reviewed for clear error and will be upheld if plausible in the light of the record as a whole. *United States v. Gould*, 529 F.3d 274, 276 (5th Cir. 2008) (citation omitted). There was no clear error. Among other things, Garcia attempted to evade law enforcement by driving 50 miles per hour in a 30 mile-per-hour zone in evening traffic for two miles; committed a traffic violation by failing to yield at an intersection; and traveled for one-block on the shoulder of the road while passing other vehicles. *See id.*

AFFIRMED.