# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 8, 2023

Lyle W. Cayce
Clerk

————————

22-30390

————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CEDARRICK ARENZO BROOKS,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:21-CR-255-1

_____

Before ELROD, HO, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Cedarrick Arenzo Brooks pled guilty, with a written plea agreement, to one count of possessing a firearm as a convicted felon. As detailed in Brooks's presentence investigation report ("PSR"), the probation officer added two points to Brooks's base offense level for recklessly creating a substantial risk of death or serious bodily injury to another person, pursuant

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

to U.S.S.G. § 3C1.2. He challenges that enhancement. We hold the district court did not err by applying the enhancement. Accordingly, we affirm.

## I.

Brooks was a passenger in a car driven by codefendant Kymmton Solomon. When law enforcement tried to stop the car, Solomon led the officers on a high-speed chase before stopping in the middle of traffic. Brooks then attempted to flee on foot to the parking lot of a Family Dollar, where he was bitten by a police dog. He briefly escaped the dog and jumped on top of a parked car, which had a woman and two small children inside. Police then tased Brooks and apprehended him. Law enforcement found firearms in the car in which Brooks and Solomon had fled, but not on Brooks's person.

At sentencing, the district court explained that the two-point enhancement under § 3C1.2 for reckless endangerment during flight "is warranted if . . . the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." The PSR tied the enhancement to Solomon's flight and car chase. Brooks objected to the § 3C1.2 enhancement being applied to him, as the passenger in Solomon's car. The court agreed that Brooks was not responsible for Solomon's reckless conduct during the high-speed chase. The court then analyzed "whether or not the enhancement can be [justified] on the basis of other facts that are clearly outlined in the PSR." Similarly concluding there was not a sufficient basis to support the enhancement based on the firearms found in the car, the court focused on Brooks's flight on foot.

The district court explained that "the facts surrounding the flight on foot are certainly . . . sufficient to warrant the application of the two level enhancement" because "Brooks did not comply with the law enforcement officers' commands to stop once the car was stopped and everyone was in hot pursuit of Brooks and [Solomon]." Applying the enhancement, with the

No. 22-30390

others recommended in the PSR, the court sentenced Brooks to 120 months of imprisonment, below the guideline range[1] but at the statutory maximum, as well as three years of supervised release.

Brooks filed a timely notice of appeal. He contends that running across the parking lot and jumping on the parked car does not warrant the reckless endangerment enhancement. He maintains that jumping on the car "was nothing more than a natural impulsive act of self-preservation triggered by being attacked by dogs" that did not create any risk of death or serious injury to anyone.

## II.

Because Brooks objected in the district court, we review that court's interpretation of the Guidelines *de novo* and its factual findings for clear error. *United States v. Deckert*, 993 F.3d 399, 401 (5th Cir. 2021). The determination of what constitutes reckless endangerment for the purposes of § 3C1.2 is a finding of fact that this court reviews for clear error. *United States v. Gould*, 529 F.3d 274, 276 (5th Cir. 2008). There is no clear error when the district court's findings are plausible in light of the entire record. *United States v. Torres-Magana*, 938 F.3d 213, 216 (5th Cir. 2019); *Gould*, 529 F.3d at 276. Under this "deferential" standard, factual findings "will be deemed clearly erroneous only if a review of all the evidence leaves this court with the

---

[1] Brooks's base offense level was 27. He received an additional six points for various enhancements, including the two-point enhancement under § 3C1.2 that he now appeals. This raised his adjusted offense level to 33. His offense level was decreased by three points for acceptance of responsibility, thus making his total offense level 30. Accordingly, his guideline range was 121 to 151 months.

Without the two-point enhancement under § 3C1.2, Brooks's total offense level would have been 28. This would have changed his guideline range to 97 to 121 months.

definite and firm conviction that a mistake has been committed." *Torres-Magana*, 938 F.3d at 216 (quotation and citation omitted).

A defendant is subject to the reckless endangerment adjustment if he: "(1) recklessly; (2) created a substantial risk of death or serious bodily injury; (3) to another person; (4) in the course of fleeing from a law enforcement officer; and (5) that . . . flight was related to the offense the defendant is convicted of violating." *Gould*, 529 F.3d at 276.[2] "[I]nstinctive flight alone will not support the enhancement, nor will the armed agent's pursuit." *Id.* at 277 (quoting *United States v. Reyes-Oseguera*, 106 F.3d 1481, 1484 (9th Cir. 1997)). The enhancement, however, is "not limited . . . to situations resulting in actual harm or manifesting extremely dangerous conduct by a defendant." *United States v. Jimenez*, 323 F.3d 320, 323 (5th Cir. 2003).

In *Gould*, we held that the enhancement did not apply when a defendant simply ignored police orders and fled on foot without further reckless conduct. 529 F.3d at 277. By contrast, we have upheld the enhancement in cases where a defendant not only fled on foot but also created a substantial risk of death or serious bodily injury in the process. *E.g.*, *United States v. Kelley*, 40 F.4th 276, 285 (5th Cir. 2022) (holding that the enhancement was justified when the defendant accidentally fired a gun while running from police); *see also United States v. Gonzalez*, No. 20-40776, 2021 WL 3438361, at *3 (5th Cir. Aug. 5, 2021) (per curiam) (upholding enhancement because defendant fled from an occupied, moving vehicle); *United States v. Villanueva*, 69 F. App'x 657 (5th Cir. 2003) (per curiam)

---

[2] "Recklessness" is elsewhere defined as "a situation in which the defendant was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." U.S.S.G. § 2A1.4, comment. (n.1); *see* § 3C1.2, comment. (n.2) (cross-referencing the commentary to § 2A1.4).

(affirming enhancement where defendant discarded a bag of methamphetamine on the sidewalk while fleeing); *United States v. Carter*, 146 F.3d 867 (5th Cir. 1998) (per curiam) (unpublished) (upholding enhancement where defendant ran back and forth across four lanes of heavy, fast-moving traffic).

Here, and in some contrast to *Gould*, Brooks did not simply flee: After Solomon stopped the car in the middle of traffic, Brooks ran to the Family Dollar parking lot (where he was likely to encounter bystanders) and jumped onto a parked vehicle with a woman and two children inside. Fleeing from law enforcement to avoid capture generally may not alone merit application of the enhancement, but Brooks made a conscious and calculated decision to run into an area that carried substantial risk to other people. Based on the record before us, and viewing it through our highly deferential standard of review, we are not left with the "definite and firm conviction that a mistake has been committed" by the district court's applying § 3C1.2 in Brooks's case. *Torres-Magana*, 938 F.3d at 216 (internal quotation marks and citation omitted). Accordingly, the judgment of the district court is

AFFIRMED.